RICHARD GOODBODY *et al.*

*v.*

FRANCIS A. GOODBODY *et al.*

*Filed at Ottawa June 16,* 1880.

1. ADMINISTRATOR'S SALE—*not affected by mere irregularities.* Where there are debts of an intestate to be paid, and the court ordering the sale of land to pay them has jurisdiction, no mere irregularities in conducting it will vitiate the sale as to a *bona fide* purchaser.

2. SAME—*when not fraudulent in fact.* Where an administratrix, believing she had power to sell the land of her deceased husband at private sale, made a bargain for its sale at about its true value, but on learning that she could not thus pass the title of the minor heirs, procured an order of court for its sale to pay debts, under which it was sold to the person agreeing to purchase at private sale, at a less sum than was agreed upon, it being agreed that he was to pay the price first fixed without regard to the price at which he bid off the same, it was *held,* that this arrangement did not show any actual fraud in the sale.

3. SAME—*delay in taking steps to set aside* An administratrix's sale of land to pay debts will not be set aside in equity at the suit of the heirs after the lapse of nineteen years, on account of mere irregularities, or even corrupt practices that may have occurred at the sale, even though no statute of limitations may have run against the heirs, except where it may be equitable to do so. (Per SCOTT, CRAIG and SCHOLFIELD, MULKEY not hearing the case.)

4. ASSIGNMENT—*what amounts to an equitable one.* Where an administratrix paid off and took up a note and mortgage given by her deceased husband, with her own money, it was *held,* that this was no extinguishment of the debt, but that it might very justly be regarded as equivalent to an assignment of the securities to herself, and that she might properly procure an order of court to sell lands of her intestate to pay the same.

5. AMENDMENT—*of bill, by new matter, after great delay.* Where leave was asked to amend a bill to set aside an administratrix's sale of land on the hearing of the cause, by the introduction of new matter presenting a new ground of relief, more than twenty-six years after the sale, and which would require a rehearing of the whole case upon a new answer and further testimony, which was refused, it was held, there was no error in refusing the leave to amend.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Messrs. COOK & UPTON, and Mr. A. C. STORY, for the appellants:

Appellants object that the sale was void.

1.   Because made *en masse* and not in governmental subdivision, while the property was susceptible of division, whereby they were greatly prejudiced, and the land failed to bring its full value.   *Hay* v. *Baugh,* 77 Ill. 500; *McHany* v. *Schenck,* 88 id. 357.

2.   The deed of the administratrix does not follow the description in the decree, and therefore is void.

3.   The alleged debt was fraudulent and had been paid before the sale.   The purchaser knew this, as it was secured by a recorded trust deed on the property, given in the lifetime of Richard Goodbody, and paid April 22, 1851, and Frank notified before sale.

4.   The sale was fraudulently and oppressively made of the whole property at $1200, when a less amount would have paid the alleged debt, and the law required only so much as was necessary to be sold.

5.   Because collusive and fraudulent, and the purchaser prevented others from bidding.

The rule is well settled that where the purchaser at an administrator's sale discourages bidders with a view of procuring the property at a low price, *such sale,* even if made through a third party, and not at a gross under value, *is fraudulent and void, without regard to the price the property actually brought,* and the heirs may recover it back without a tender of the purchase money.   *Robinson* v. *Wall,* 2 Phil. Ch. Eng. 372; *Johns* v. *Norris,* 12 C. E. Green, 485; S. C. 7 C. E. Green, 103.

The greatest fairness is required of those entrusted by law to conduct judicial sales, and those purchasing at such sales, and *any agreement, contract or* arrangement calculated *to prevent competition at the sale,* being contrary to public policy and a fraud before the law, *will vitiate* the sale.   *Wilson* v. *Kellogg,* 77 Ill. 47.

The law vests the administrator with a mere naked power to sell such title as deceased had. Hence a purchaser at such sale takes the risk of the title' and the validity of the proceeding under which the sale is made, upon himself. *Bishop* v. *O'Connor*, 69 Ill. 431; *Beebe* v. *Saulter*, 87 id. 518.

Complainants below claiming as heirs of their deceased father, Richard Goodbody, Francis A. Goodbody, defendant, was not a competent witness against them. Rev. Stat. 1874, ch. 51, Evidence, sec. 2; *Straubher* v. *Mohler*, 80 Ill. 21; *Roberts* v. *Pierce, Admr.* 79 id. 378; *Steele et al. Admrs.* v. *Clark*, 77 id. 471; *Reget* v. *Bell*, id. 593.

It appears that when the premises were sold, about sixty acres of the land was covered with valuable timber, which defendant, Francis A., cut up into wood and sold, and converted to his own use 330 cords in the winter of 1865–6; that he has been in possession, receiving the rents and profits. The bill prays an accounting with him of the rents and profits, and waste, etc., and at the hearing the appellants asked leave to make two formal amendments, which was denied and exception taken. We submit this was error. Rev. Stat. 1874, ch. 8, secs. 1–9; ch. 110, sec. 24.

The motion should have been granted *upon some terms.* *Protection Life Insurance Co.* v. *Foote*, 79 Ill. 361; *Griswold* v. *Shaw*, id. 449; *Healey* v. *Charnley*, id. 592; *Thompson* v. *Sornberger*, 78 id. 353; *Misch* v. *McAlpine*, id. 507; *Teutonia Life Insurance Co.* v. *Miller*, 77 id. 22; *Scheel* v. *Eidmond*, id. 301; *Cogshall* v. *Beesley*, 76 id. 445; *Chester and Tamaroa Coal Co.* v. *Lickiss*, 72 id. 521.

Mr. W. C. GOUDY, and Mr. JOHN E. DALTON, for the appellees:

The variance of the description of the administratrix's deed with the decree of sale does not make it void. The decree describes the property as the N. E. ¼ of sec. 29, 44, 12 E. 3d P. M. containing 160 acres. The deed describes it the same as above, and then adds, " excepting and reserving there-

from the following, to-wit:" (giving the reservation by metes and bounds), containing in all $22\frac{16}{100}$ acres, all in Lake county. The deed was valid to convey $102\frac{16}{100}$ acres, being all that the intestate owned of the quarter at his death. No relief is asked in the bill on this ground.

We invoke the well known rule that it is the policy of the law to uphold judicial sales, and especially after so great a lapse of time as has occurred in this case. *Botsford* v. *O'Conner et al.* 57 Ill. 72; *Iverson et al.* v. *Loberg,* 26 id. 179; *Mulford* v. *Stralzenback et al.* 46 id. 303; *Madden* v. *Cooper,* 47 id. 339; *Moffett et al.* v. *Moffett,* 69 id. 641.

After the case had been fully heard, taken under advisement by the court, and decided by the court against the complainants, they asked leave to make two amendments.

On trial the defendant claimed that the complainants were not entitled to relief, among other things, because they had received the benefit of $1000, which had been paid as the price of the land, and had made no offer to refund it. This was one of the reasons assigned by the court for dismissing the bill.

The court also, in deciding, held that the sale was valid, and that the purchaser had not been guilty of any fraud, or even improper conduct, but that his only liability was for the balance of the purchase money which remained unpaid. Thereupon the complainants asked leave to amend the bill so as to pray for a decree for the $200 unpaid, with interest, which, on objection, was refused.

The action of the court was correct. The application was addressed to the discretion of the judge, and he exercised it in a proper manner. The parties were satisfied with their case, and went to a hearing knowing all the facts, and there was nothing in the general equity or justice of the case to justify the court in allowing the amendment as a part of the original litigation.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case was brought by Richard Goodbody and Jane E. Dady, heirs of Richard Goodbody, deceased, to set aside a sale of the lands described as having been collusively and fraudulently made by the administratrix to Francis A. Goodbody.

At the time of his death, which occurred on the 3d of December, 1850, Richard Goodbody was the owner of the lands which are the subject of this litigation. He died intestate. Soon after his death his widow, Catharine Goodbody, was appointed administratrix of his estate. Previous to his death Richard Goodbody had borrowed the sum of $300, and secured the same by trust deed on these lands. It does not appear the intestate left any personal property that could be applied to the payment of the mortgage indebtedness. The administratrix, however, with her own money, derived from her father's estate, paid the holder the amount of his claim, which then amounted to $480, and took the note and mortgage to herself.

On application to the county court of the county where the lands are situated, an order was made for the sale of the premises to pay the debts of the estate, the principal one being the debt secured by the trust deed. Under that order a sale of the land was made, and Francis A. Goodbody became the purchaser, went into possession at once, and has since continued in the occupancy of such lands.

It is that sale that complainants seek to have set aside, and to have an account taken as to defendant Francis A. Goodbody, of the rents and profits since he has been in possession, and for waste by him committed in removing timber. On the hearing in the circuit court the bill was dismissed for want of equity, and complainants bring the case to this court on appeal.

Numerous objections have been taken to the validity of the sale of the property made by the administratrix, but in the

view we have taken it will not be necessary to remark upon all of them.

There was authority in the administratrix to make the sale of the property, and no mere irregularity in conducting it will vitiate the sale as to a *bona fide* purchaser. The debt due from the intestate was not in fact discharged. It is true the administratrix had paid the debt to the holder, but it was with her own money, and what was done may very justly be regarded as equivalent to an assignment of the securities to herself. There being debts to be paid, and the court having acquired jurisdiction of the parties in interest in the usual mode, the order of sale made by the county court was valid.

That which seems to be most confidently relied on as rendering the sale fraudulent, and therefore void, is what is termed a corrupt agreement between the administratrix and the purchaser, made prior to the sale, that he should have the land for $1000, and a lot, to be conveyed to the son of the administratrix, of the value of $200.

On this branch of the case it may be remarked that the evidence fails to show there was any fraud in fact in the transaction. The administratrix was herself the principal if not the only creditor of the estate. She desired to sell the land belonging to the estate, and it was the belief of herself and the purchaser that it could be done at private sale. The terms of a sale were agreed upon between them, but on taking counsel it was ascertained it would be necessary to have the property sold under the order of the court, to divest the interests of the minor heirs. That was done. No doubt it was the understanding that defendant should have the property at the price agreed upon, no matter what sum might be bid for it at the sale. Under the agreement, had there been no bid equivalent to the price agreed upon, still defendant would have been obligated to take the land at that price, and had it exceeded that sum he was bound to pay no more. While it may be the price defendant was to pay for

the land, had he obtained a good unencumbered title to the whole tract sold, was something less than its actual value, yet, in view of what transpired as to the title, the price paid was a very liberal one, and was no doubt more than defendant or any one else would have been willing to pay.

It will be remembered the sale of the land was made on the 12th day of March, 1853, and this bill was not filed until September, 1872. One of complainants, Richard, was then nearly twenty-two years of age, and the other, Jane, was then over twenty-three years of age. No statute of limitation had then run against both of them, but on bill filed to set aside a sale on account of mere irregularities, or even corrupt practices, that may have occurred at the sale, the great length of time suffered to elapse before asking relief may well be considered. Were only jurisdictional questions involved, less consideration would be given to such an argument.

The sale was reported to the county court, was approved, and has stood for a period of nineteen years, unchallenged in any appropriate mode in which relief could be given. Had some of the objections now insisted upon, as to the regularity of the sale, been made to the county court, it may be that court would have set the sale aside and directed a new one to be made. But no considerations of equity require that that should be done now. The decision need not, however, be placed on any statute of limitations, but on the ground that after the lapse of so great a period of time, a court will not set aside a judicial sale for mere irregularities, or even vicious practices at the sale, except where it would be equitable to do so, and then only upon terms to be imposed. No case warranting equitable relief is made by the proofs in this cause.

After the evidence was submitted, complainants asked leave to amend their bill so as to offer to refund such portion of the price paid by defendant as may have been used for their support and maintenance, and upon an account being taken of such sum, it might be set off against any rents due from

defendant; and further, in case it was found such sale could not be set aside, that complainants should have a personal decree against defendant Francis A. Goodbody for $200 and interest, being the value of the lot he was to convey to Richard as a part of the consideration he was to pay for the land, and which it is conceded he failed to convey; but leave was denied, and that decision is assigned for error.

As respects the latter amendment suggested, it may be said it was new matter, and a new ground of relief not insisted upon in the original bill. Leave was not asked to make this amendment until on the hearing of the cause, which was in October, 1879. More than twenty-six years had then elapsed since the sum claimed became due, and the court might rightfully deny leave to make such amendment. Had the other proposed amendment been allowed, it would have involved a rehearing of the whole case upon a new answer and further testimony. That, under the circumstances, the court in its discretion might well refuse to permit, and in that we see no abuse of that discretion with which courts are clothed in such matters.

The decree will be affirmed.

*Decree affirmed.*

In that part of this opinion which places stress on the lapse of time as an element to be considered as affecting the propriety of setting the sale aside, only CRAIG and SCHOLFIELD, JJ., concur with the writer. MULKEY, J., did not hear the case.