(Decided 14th November, 1890.)

---

MARY C. CARTER, and SARAH R. CARTER *vs.* NAOMI VAN BOKKELEN, in her own right, and as Executrix of LIBERTUS VAN BOKKELEN.

*Powers— Conveyance — Title — Assignment and Release of Mortgage.*

A conveyance was made in trust, to suffer and permit the wife of the grantor, for and during her life, to hold and enjoy the described estate and property, to collect and receive the rents, issues and income thereof, and the same to apply to her separate use, with power with the assent of the grantor, to sell, dispose

of, convey, and assign absolutely, or otherwise, the whole or any part of the said estate and property, and with power to devise the same without the assent of the trustee, with limitation over on failure of the wife to dispose of the property under the powers expressed.   HELD :

That an absolute conveyance by the husband, the wife and the trustee, to a third party, and a reconveyance by him, to the husband, vested in the husband an unobjectionable title.

Where a mortgage is assigned to one as "trustee," and the nature and character of the trust are not disclosed, payment of the debt, and release of the mortgage by the trustee, after he has received payment, completely extinguish the lien.

Where a will devised all of the testator's property to his wife for life, and after her death, "to his children or grandchildren, or the heirs of his children, if any be dead," and appointed the wife executrix, and gave her power to "sell, dispose of, or reinvest the property as she might deem best for all interests concerned," a sale of real estate made by the wife, when ratified and confirmed by the Orphans' Court under section 282 of Article 93 of the Code, will confer a perfect title.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The case is stated in the opinion of the Court.

The cause was submitted to MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*Randolph Barton,* and *Skipwith Wilmer,* for the appellants.

*George G. Carey, Jr.,* and *John Glenn, Jr.,* for the appellee.

BRYAN, J., delivered the opinion of the Court.

The appellee filed a bill in equity against the appellants for the specific performance of a contract for the

purchase of a tract of land in Baltimore County.    The
particulars of the title, as disclosed by the record, are
as follows: Libertus Van Bokkelen in May, 1861, con-
veyed the land in question, and other land to Herman
Von Kapff upon certain trusts declared as follows: "In
trust and confidence, nevertheless, and to, for and upon
the uses and to the ends, intents and purposes, and with,
under and subject to the powers hereinafter mentioned,
expressed and declared of and concerning the same, that
is to say, in trust to suffer and permit Mrs. Amelia
D'Arcy Van Bokkelen, the wife of the said Libertus
Van Bokkelen, for and during the term of her natural
life, to hold and enjoy all said described estate and prop-
erty, to collect and receive the rents, issues and income
thereof, and the same to apply to her own sole and sepa-
rate use without being subject to the power, disposal or
control of her present or any future husband, and with-
out being liable or bound for or by his or their debts,
contracts or engagements, with power to the said Amelia
with the assent of the said Libertus Van Bokkelen, if
then alive, to sell, dispose of, convey and assign abso-
lutely or otherwise, the whole or any parts or part of
the estate and property above described or mentioned,
or to devise or bequeath the same to such person or per-
sons as she may think proper, without the assent or con-
currence of the said trustee herein named, and from and
after the death of the said Amelia, in case no sale or
other disposition thereof shall have been made by her
under the powers hereinbefore expressed, and in so far
as no such disposition thereof shall have been made by
her, then in trust for all the children and descendants
by the said Libertus Van Bokkelen, which the said
Amelia may have living at the time of her death, to
take *per stirpes* and not *per capita,* and for their heirs,
legal representatives and assigns, forever;" other trusts
were declared to take effect in case the said Amelia should

die without leaving children or descendants by the said Libertus living at the time of her death. But as she is dead, and as she left several children by her said husband living at the time of her death, it is not necessary to notice these trusts. No objection is made to Mr. Van Bokkelen's title at the time of this deed. In December, 1868, Von Kapff, the trustee, and Van Bokkelen and wife conveyed this land to Thomas J. Wilson by a deed stated to be made in pursuance of the power reserved to Mrs. Van Bokkelen, and reciting that "with and under said power various parcels of said land have been sold or disposed of, leaving a portion of the said land still held under said deed of trust; and the said Amelia, with the assent of the said Libertus, for the purpose of promoting her best interests, and the interest of her family, and all the parties being free from any pecuniary or other embarrassment, has determined to dispose of and convey the balance of said trust property, and thereby fully to execute, fulfil, annul and determine for the future the trusts under the said deed." The *habendum* was to Wilson free, clear and discharged of all trusts, and for his own use and behoof. On the same day Wilson conveyed the land to Van Bokkelen. After the execution of these deeds Mrs. Van Bokkelen died, leaving several children by her said husband, who are still living. Mr. Van Bokkelen married the appellee after the death of his first wife, and in the latter part of eighteen hundred and eighty-nine, he died leaving a last will and testament. By this will he left all of his property, real and personal, to his wife for life, and after her death "to his children or grandchildren, or the heirs of his children, if any be dead;" and he appointed his wife executrix, and gave her power to "sell, dispose of, or reinvest the property as she might deem best for all interests concerned." The will was proved in New York, where the testator resided at the time of his death; but

a duly authenticated copy of it was recorded in the office of the Register of Wills of Baltimore County.    The appellee duly obtained letters testamentary from the Orphans' Court of the same county, and sold the land to the appellants.    This sale was reported to the Orphans' Court, and on the twelfth day of August last duly ratified.

There is no lien of any kind on the land, except a mortgage binding a larger tract, in which this is included, executed by Mr. Van Bokkelen in 1881 to John G. Rogers to secure a promissory note for ten thousand dollars, payable five years after date.    In his life-time, the mortgagor paid five thousand dollars on account of the mortgage debt, and the mortgagee, by assignment duly recorded, assigned the balance of the debt to Anthony M. Johnson, trustee; the instrument not designating in any manner the nature of the trust; but stating "five thousand dollars having been paid on the within mortgage, I hereby assign the balance, to wit, five thousand dollars, to Anthony M. Johnson, trustee."    The appellee tendered to the purchasers a full and final release of the mortgage duly executed by Anthony M. Johnson, trustee, and offered to surrender to them the mortgage note duly cancelled.

The will of the testator certainly conferred on the executrix power to sell this land.    The sale, however, would not be valid unless ratified and confirmed by the Orphans' Court.    Code, Art. 93, section 282.    This legislation was intended to check and limit the power which an executor had at the common law, by requiring him to report his contracts of sale to the Orphans' Court and to obtain its approval.    When ratified and confirmed, as required by the statute, a sale was valid; the Orphans' Court approved the contract, but had no power to enforce its execution.    The parties might bring before other tribunals such matters as would entitle them to its per-

formance or rescission. In this respect, a sale ratified by the Orphans' Court stands on the same footing, as an ordinary contract of sale made between persons competent to contract. The deed of trust is exceedingly distinct and specific in granting to Mrs. Van Bokkelen the power to dispose of the land with the assent of her husband. It would be difficult to devise language more clear and comprehensive. And the deed to Wilson recited the power, and was executed in strict conformity to its terms; while the deed from Wilson to Van Bokkelen was simply a conveyance of the title to him. These deeds were such as the parties had a right to make, and they in no manner infringed the rights of other persons. Van Bokkelen being the owner of the land, of his own motion and in the exercise of his right over his own property, chose to convey it to a trustee upon such trusts as he saw fit to declare. In strict pursuance of these trusts, the land was conveyed to Wilson, and by Wilson back to him. We are unable to see any objection to this title. We are informed by the record, that the mortgage is the only encumbrance on the property. This is vested in Anthony M. Johnson, trustee; the nature and character of the trust are not disclosed; nor the powers and duties of the trustee. But *ex necessitate rei,* a trustee who holds a mortgage debt must be entitled to receive payment after the debt is due; and the mortgagor must have a right to pay it and stop the running of interest. The payment of the debt, of itself, and without any other circumstance, extinguishes the rights of the mortgagee. The mortgage is, in equity, only a security for the debt, and cannot survive after it is paid. The release by the trustee of the mortgage, after he has received payment, does not convey away any of the rights of the *cestui que trusts;* they have none whatever against the mortgagor after the debt has been paid. The release by the trustee conveys the legal title,

which he has no longer any right to hold, and furnishes to the mortgagor the evidence of payment, in such reasonable form as he may justly demand. When the overdue promissory note for the mortgage debt is paid to the holder, and cancelled and surrendered by him, in a case free from fraud, it is impossible that it should have any further vitality.

The Circuit Court decreed that upon the surrender of the note duly cancelled, and the recording of a release of the mortgage executed by Johnson, trustee, and the delivery of a good and sufficient deed from the plaintiff, the defendants should pay the purchase money. It is, of course, necessarily understood that the amount due on the note is to be paid to the trustee upon its cancellation, and upon the execution of the release.

We affirm the decree below with costs.

*Decree affirmed, with costs.*

(Decided 20th November, 1890.)