CHARLES E. ROBB *et al.*

*v.*

MINERVA HOWELL *et al.*

*Opinion filed June 17, 1899.*

1. PRESUMPTIONS—*release of homestead will be presumed to have been regular after twenty years.* A release of dower and homestead, shown by a decree authorizing a sale of land by the administrator to have been filed by the widow, will be presumed, after the lapse of more than twenty years, to have been regularly and legally executed.

2. SAME—*when jurisdiction of the person will be presumed.* Where more than twenty years have elapsed since an administrator's sale and possession taken thereunder, the presumption obtains that jurisdiction of the person of the defendants was acquired by the court, and that the court acted within its jurisdiction and proceeded according to law.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SAMUEL L. DWIGHT, Judge, presiding.

This is a proceeding in the Marion circuit court to remove a cloud from title and for partition. It appears from the bill that William Robb died December 28, 1871, intestate, owning ten acres of land in Marion county in fee simple, worth less than $1000, and occupied by himself and family as a homestead. At his death his family consisted of his wife, Mary A. Robb, (since intermarried with one Adamson,) and one child, William Y. Robb. Another son, who at the time of his father's decease was *in ventre sa mere,* was born March 15, 1872. Subsequently, on March 7, 1874, the land was sold to one Barney B. Howell by the administrator of William Robb, pursuant to a decree rendered by the county court of Marion county, on his petition to sell real estate to pay debts of decedent.

On August 25, 1896, plaintiffs in error, the two children of the deceased, filed their bill in the circuit court of said county, against Minerva Howell, the widow, and John R., Flora A. and George N. Howell, children of said Barney B. Howell, now deceased, (the widow, Mary A. Robb, now Adamson, also appearing therein as a party complainant,) seeking to set aside the administrator's deed to Barney B. Howell as a cloud upon complainants' title, and praying partition of the land, subject to the dower and homestead rights of the widow, Mary A. Adamson. The bill alleges the sale and the making of the administrator's deed, but avers that the decree under which the sale and deed were executed was void, for the reason that it does not appear that the county court had obtained jurisdiction of the widow and children of the deceased in that proceeding; and further, that it does not appear that the widow's dower and homestead were assigned to or released by her. The defendants in error filed pleas of the Statute of Limitations, sections 1 and 9,

and an answer denying the invalidity of the sale by the administrator. The cause was heard and a decree rendered, holding that the Statute of Limitations was a bar to the relief prayed. From that decree the complainants prosecute this writ of error.

MERRITT, VANHOOREBEKE & LOUDEN, for plaintiffs in error.

L. M. KAGY, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

That which plaintiffs in error have filed as an abstract of the record in this case is in disregard of the rules of this court, failing to do more than refer us to pages of the record for the ascertainment of the material facts. We have, however, deemed it best, under all the circumstances of the case, to waive this irregularity and consider the case upon its merits.

As shown by the foregoing statement of facts the administrator's sale took place on March 7, 1874,—more than twenty-two years before the commencement of this suit,—and prior to this time the validity of the decree upon which that sale was based had never been questioned. Neither is it disputed that from the date of the sale to the bringing of this suit Barney B. Howell and these defendants, his widow and children, have been in the open and exclusive possession of the premises. Although the decree of the county court authorizing the sale of the land does not recite that summons had been served upon the defendants therein, it does show that the widow filed therein a release of her dower and homestead rights; and after the lapse of so many years, in the absence of proof to the contrary, the presumption must be that dower and homestead were regularly and legally released. That such release operated to bar both the widow and her children from thereafter asserting home-

stead rights is well settled.   *Kingman* v. *Higgins*, 100 Ill. 319; *Clubb* v. *Wise*, 64 id. 157.

More than twenty years having elapsed since the administrator's sale and possession taken thereunder, the presumption obtains that jurisdiction of the person of the defendants was acquired by the court rendering the decree, and that it acted within its jurisdiction and proceeded according to law.   (*Nickrans* v. *Wilk*, 161 Ill. 76; 22 Am. & Eng. Ency. of Law, 161; Greenleaf on Evidence, secs. 19, 20.)   Moreover, defendants in error have been in possession of the land for more than twenty years, adversely to complainants.   The Statute of Limitations, pleaded by them, is therefore a complete defense to this action.

Under the facts appearing in this record it cannot be seriously contended that the widow, Mary A. Adamson, had such rights in the property as would prevent the running of the statute against her children, and it is to be remarked that she herself testifies that she did not authorize the bringing of this suit and knew nothing of its commencement until some time thereafter, from which it is to be inferred that she has not claimed and does not claim any right or title to the property.

The circuit court committed no error in dismissing the bill.                              *Judgment affirmed.*