## MARY A. MASON

*v.*

## HANNAH ODUM *et al.*

*Opinion filed June 23, 1904.*

1. JUDICIAL SALES—*lapse of time raises presumption that proceeding was regular.* The lapse of many years after an administrator's sale, and possession taken thereunder, raises the presumption that jurisdiction of the person of defendant was acquired by the county court, and that it acted within its jurisdiction and proceeded according to law.

2. SAME—*when lapse of time short of limitation period protects a sale.* A proceeding in the county court resulting in a sale of lands to pay debts of a decedent, which remains in full force and effect, will not be set aside after many years, at the suit of heirs, upon the ground of irregularities, except where equity requires it, even though no statute of limitations has run.

3. SAME—*sale by administratrix to herself is not void, but voidable.* A sale by an administratrix, at which she becomes the purchaser, is not void, but voidable, and in case the amount accounted for as proceeds of the sale exceeds the reasonable value of the land the sale may be ratified by the heirs by acquiescence.

4. LACHES—*when party is charged with notice.* When the question of *laches* is involved, facts which would put a person of ordinary prudence upon inquiry will charge him with such notice as could have been obtained had inquiry been made.

5. LIMITATIONS—*when bill for partition is barred by limitation.* Open, visible and adverse possession of land for over twenty years under claim of ownership, by the purchaser at a sale of the land to pay debts, will bar a bill for partition by the heirs under no disability, even though the sale were void.

6. SAME—*when infant's right to bring action is barred.* Under section 8 of the Limitation act, failure of a party under disability to bring an action to recover possession of lands held adversely under sections 6 and 7 of the same act, within three years after his disability has ceased to exist, bars his right.

7. SAME—*when right to recover lands is barred.* Under section 9 of the Limitation act, if land is held in adverse possession for over twenty years, even though there is no color of title, a party who fails to assert his right of entry within two years after his previously existing disability has been removed is barred of his right.

APPEAL from the Circuit Court of Franklin county; the Hon. JAMES R. CREIGHTON, Judge, presiding.

This is a bill for partition filed by the complainants, Hannah Odum and Richard Odum, against the defendant, Mary A. Mason, in the circuit court of Franklin county.

The facts in the case are substantially as follows: On April 30, 1861, Dempsey Odum departed this life intestate, seized in fee of the west half of the south-west quarter of section 12 and the north-west quarter of the north-west quarter of section 13, all in township 6, south, range 2, east, in Franklin county, and leaving surviving him, his widow, Mary A. Odum, and Adelbert R. Odum and James M. Odum, his sons, and Betty Odum, his daughter, as his only heirs-at-law. Betty Odum died in infancy, leaving her mother and two brothers as her only heirs-at-law. At the time of his marriage Adelbert R. Odum took possession of the north half of the one hundred and twenty acres above described and his mother took possession of the south half. On January 9, 1878, Adelbert R. Odum died intestate, seized in fee of the undivided five-twelfths of the land above described, and also the north-east quarter of the south-east quarter of section 10, township and range aforesaid, and leaving surviving him his widow, Hannah Odum, and Richard A. Odum, his son, and Mary G. Odum, his daughter, the latter dying in infancy, leaving her mother and brother as her only heirs-at-law. Mary A. Odum had, prior to this time, been appointed guardian of her two sons, Adelbert R. and James M., and upon the death of Adelbert she was appointed administratrix of his estate. At the May term, 1878, of the county court, Mary A. Odum (then Mary A. Goode) filed her petition to sell the real estate of which Adelbert R. Odum died seized, to pay claims probated against his estate, making the widow, Hannah, and the son, Richard A., defendants. To the petition to sell the real estate to pay debts Hannah Odum defaulted, and a guardian *ad litem* was appointed for Richard A. Odum, the minor. A decree of sale was entered, ordering the administratrix to sell the real estate to pay debts.

On the day of sale the lands were struck off to Addison
Odum, a brother-in-law of Mary A. Goode, the adminis-
tratrix, for the sum of $200, and on the same day a deed
of conveyance was executed by the said Addison Odum
to Mary A. Goode, the administratrix, and she accounted
to the estate for $700. The petition to sell, the notice of
sale and the deed of the administratrix to Addison Odum,
described the north-west quarter of the south-east quar-
ter of section 10 as being in section 13, as did also the
deed of conveyance from Addison Odum to Mary A.
Goode. At the February term, 1881, of the county court a
petition was filed to correct the errors in said descrip-
tion, of which notice to Hannah Odum and Richard A.
Odum was given. On February 25, 1881, the county court
made an order to correct the records, in pursuance of
which the corrections were attempted to be made, but
the deed from Addison Odum to Mary A. Goode for the
north-west quarter of the north-west quarter of section 13
erroneously described it as in section 10, and the lands
in section 10 were erroneously described as in section 13,
which latter mistakes have never been corrected. Mary
A. Goode, in July, 1878, entered into the actual, open and
exclusive possession of all of said premises and has paid
all taxes against the same, except for the period from
July, 1882, to June, 1888, during which time they were
paid by her son, James M. Odum, on the north sixty acres
of the lands in section 12, but in 1888 he re-conveyed the
same to Mary A. Goode. At the time of the sale to pay
debts, Richard A. Odum, one of the complainants, was
about two years old and lived with his mother, Hannah
Odum. He and his mother continued to reside in the
vicinity of the land until about fourteen years ago, when
they removed to Nebraska, where they have since made
their home. Richard A. Odum became of age in Febru-
ary, 1897, and in 1899 he returned to Franklin county,
Illinois, on a visit to his grandmother, at that time Mary
A. Mason. On October 20, 1902, the complainants, Han-

nah Odum and Richard Odum, filed their bill for parti-
tion of the lands in sections 12 and 13, ignoring altogether
the sale made to pay debts by the administratrix.   An-
swers were filed by the defendants, and Mary A. Mason
filed her cross-bill, setting up the proceedings in the
county court to pay debts and asking for a decree quiet-
ing title in her to the lands in sections 10, 12 and 13.   On
December 15, 1903, complainants filed an amended bill,
and the defendant, Mary A. Mason, filed an amended
cross-bill.   Upon the hearing a decree was entered find-
ing for the complainants in the original bill, dismissing
the cross-bill, and ordering partition and an accounting
for rents and profits.   From this decree Mary A. Mason
has prosecuted her appeal to this court.

C. H. LAYMAN, and JOPLIN & SPILLER, for appellant.

WALTER W. WILLIAMS, and W. H. HART, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

As above stated, the bill as filed is for partition, en-
tirely ignoring the proceedings in the county court to sell
the premises to pay debts, and alleges no reason why
that sale should be set aside.   The decree rendered by
the chancellor does not mention the sale in the county
court and assigns no reason why it should be held null
and void.   It is insisted that after the sale by the ad-
ministratrix to pay debts the county court was without
jurisdiction to correct the orders, notice and deeds, and
therefore such changes and corrections were null and
void.   Conceding this to be true, the original proceeding
remained in full force and effect, and the sale would
not be set aside, at the suit of the heirs, after a lapse of
many years, on account of irregularities or corrupt prac-
tices occurring at the sale, even though no statute of
limitations had run, except in a case where equity re-
quired it.   (*Goodbody* v. *Goodbody*, 95 Ill. 456.)   And where

many years elapse after the sale and possession taken under the same, the presumption must obtain that jurisdiction of the person of the defendant was acquired by the court, and that it acted within its jurisdiction and proceeded according to law. (*Robb* v. *Howell*, 180 Ill. 177.) The rights of the appellant in no way depend upon the validity of the action of the county court in attempting to correct the alleged mistakes. The decree of the circuit court ordering partition only affects the lands in sections 12 and 13, which were properly described in the first county court proceeding, and in no way affects the lands in section 10, where the mistake was made.

It is next insisted by appellees that the sale to pay debts was void because the land was purchased by the administratrix. In reply, appellant claims that even though the sale was void, both appellees have been guilty of gross *laches*, and their cause of action, if any, has long since been barred by the Statute of Limitations. In reply, appellees insist that the defense of *laches* by reason of lapse of time and inaction of the party seeking relief will not be permitted where the party was in ignorance of the material facts connected with the transaction or of his right in relation thereto, and that there is no statute of limitations which will run against a trust and no lapse of time or delay in bringing a suit will defeat the remedy, provided the injured party was, during all the interval, ignorant of the fraud,—citing *Coolidge* v. *Rhodes*, 199 Ill. 24, and *Middaugh* v. *Fox*, 135 id. 344. We have held in many cases that an administrator cannot lawfully purchase real estate at his own sale, the reason being to remove him from temptation and insure to the heirs a fair and impartial sale. But such a sale and purchase is not void, but only voidable. (*Lagger* v. *Mutual Union Building Ass.* 146 Ill. 283; *Elting* v. *First Nat. Bank*, 173 id. 368.) And in case the purchase is made by an administrator or administratrix, and the price accounted for as the proceeds of sale exceeds the reasonable value

of the land, so that the estate gains .instead of loses by the transaction, the sale is not only merely voidable, but may be ratified by the heirs by acquiescence. (*Stickel* v. *Crane*, 189 Ill. 211.) The evidence in this record shows that the land was worth about $500, and was purchased by the administratrix in fact for $700, she paying the estate that amount therefor. By her act the estate did not lose by the sale, but was benefited. Immediately after the sale she entered into the open and exclusive possession thereof and continued in such possession ever since. Even though the sale had been void, the open, visible and adverse possession under claim of ownership for over twenty years would be a bar to the bill for partition. *Littlejohn* v. *Barnes*, 138 Ill. 478; *Kotz* v. *Belz*, 178 id. 434.

We do not think the authorities cited by appellees as to the doctrine of *laches* and the Statute of Limitations are applicable to the facts in this case. There is no evidence of fraud or concealment on the part of the appellant. The appellee Hannah Odum was during all this time an adult. She was personally served with notice of the petition to sell lands to pay the debts of the estate. The deeds of conveyance were matters of public record, and she had full opportunity to investigate them if she saw fit, but for a period of twenty-four years she remained silent, taking no steps to protect her rights, if she had any, and thereby became guilty of such *laches* as will bar her from relief in a court of equity. Moreover, any claim she may have had in the lands has long since been barred by the twenty year Statute of Limitations, she being under no disability during the whole of the twenty-four years. The decree of the circuit court as to her was therefore clearly erroneous.

At the time the sale was made Richard Odum was an infant, some two years of age. He lived with his mother near this land until he was about fourteen years old, when he removed to the State of Nebraska. He resided there about fourteen years, reaching his majority Feb-

ruary 13, 1897. In 1899 he visited his grandmother, the appellant, and she testifies that she requested him to make an investigation of his father's business, which he refused to do. This he denies, but his testimony shows he then knew she was in possession of the land, claiming to own it. The bill was not filed until October, 1902, about six years after he became of age. We have held that where the question of *laches* is involved, facts which would put a person of ordinary prudence upon inquiry will charge him with such notice as could have been obtained if such inquiry had been made. (*Coolidge* v. *Rhodes, supra.*) All of the county court proceedings had been a matter of record for twenty-four years, and during six of these twenty-four years Richard Odum was of age and had every opportunity to inform himself as to the true condition of affairs, and yet he neglected to assert the claim he now makes until this bill was filed. In the case of *Sloan* v. *Graham*, 85 Ill. 26, an administrator sold real estate to pay debts and at the sale purchased the land himself The sale took place in 1853, and the purchaser immediately entered into possession and continued in possession until March 31, 1873, when a bill was filed to set the sale aside. One of the complainants, John R. Graham, was an infant at the date of sale but became of age July 20, 1867, and after becoming of age delayed the filing of his bill for over six years. It was held that it was his duty, under the statute, to file his bill within three years, and having failed so to do his right of action was barred. In the proceeding to sell the land to pay debts in the case at bar Richard Odum was made a party defendant, represented by a guardian *ad litem*, giving the court jurisdiction of his person and also of the subject matter. He was therefore bound by the decree of sale, and although the sale itself was voidable, being made to the administratrix, a deed was executed to her properly describing the lands in sections 12 and 13, and she immediately entered into possession, and, as before stated,

has continued in such open, exclusive and adverse possession for more than twenty years. Richard Odum's right of action as to the lands in sections 12 and 13 was therefore also barred by his failure to bring his action within three years after attaining his majority, as required by section 8 of chapter 83. (2 Starr & Cur. Stat. p. 2620.) His position, however, as to the lands in section 10 is different by reason of the misdescription in the proceeding to sell the land, and in the deed executed to appellant she acquired no color of title to that land, but she did enter into possession of the same at the time of the execution of the deed to her and has continued in possession of the same to the present time,—more than twenty-four years prior to bringing the suit and more than six years since Richard Odum became twenty-one years of age. By section 9 of our Statute of Limitations, *supra*, it is provided: "If, at any time when such right of entry or of action upon or for lands first accrues, the person entitled to such entry or action is within the age of twenty-one years, * * * such person or any one claiming from, by or under him or her, may make the entry or bring the action at any time within two years after such disability is removed, notwithstanding the time before limited in that behalf has expired." Under this provision we think he is also barred as to the lands in section 10.

We are therefore of the opinion that the circuit court was in error in dismissing the appellant's cross-bill and decreeing partition under the original bill. Its decree will accordingly be reversed and the cause remanded, with directions to dismiss the original bill and grant the relief prayed in the cross-bill.       *Decree reversed.*