ELIZABETH STOBAUGH *et al.* Appellants, *vs.* SUSAN IRONS *et al.* Appellees.

*Opinion filed December 22, 1909.*

1. JUDICIAL SALES—*when an administrator's sale will be upheld though he was the purchaser.* A sale of land to pay debts of the estate is merely voidable though the administrator is the purchaser, and such sale will not be set aside at the suit of the heirs of the decedent after a delay of more than twenty years, where they do not claim to have been ignorant of the facts and no reason is shown why the sale was not sooner attacked.

2. HOMESTEAD—*when homestead estate is abandoned by widow.* Where the widow, who lives alone on the homestead property after her husband's death, marries again and moves to another place before a proceeding is begun by the administrator of her first husband's estate to sell the land to pay debts, the homestead estate is abandoned and her subsequent quit-claim deed does not convey such estate. (*White* v. *Plummer,* 96 Ill. 394, distinguished.)

APPEAL from the Circuit Court of Fulton county; the Hon. G. W. THOMPSON, Judge, presiding.

D. ABBOTT, for appellants.

MARVIN T. ROBINSON, for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This was a bill filed by the heirs of Jonas Cline, deceased, for the partition of fifty-six acres of real estate owned by said Jonas Cline at the time of his death, from whom complainants alleged they derive title by inheritance. Jonas Cline died intestate in 1872, leaving a widow and eight children. The bill alleges that the estate of Jonas Cline was administered upon by Israel S. Piper about the years 1873 and 1874, and that said estate was settled and the administrator discharged. The interest of the heirs of Jonas Cline as claimed by them in the real estate sought to

be partitioned is set up in the bill, and it is alleged that certain defendants named claimed some interest in the premises but that their claim is without any support in law, and that no other person or persons than the heirs of Jonas Cline, deceased, have any interest in or title to said premises. A joint and several answer was filed to the bill by Peter Butler, his mother, brothers and sisters, claiming they were the owners of the north half of the premises, and by William Stevenson, claiming he was the owner of the south half of said premises, and denying that the complainants owned or had any interest in the premises described in the bill. The answer admitted Jonas Cline was the owner of the premises at the time of his death but set up and claimed title in the answering defendants. After issue joined the cause was referred to the master in chancery to take the proof and report his conclusions of law and fact. The master reported that the complainants did not own any interest in or title to the real estate but that it was owned by the widow and children of Peter Butler, Sr., deceased, and William Stevenson, as alleged in the answer, and recommended that the bill be dismissed for want of equity. Exceptions to the report of the master were overruled and a decree entered dismissing the bill, from which this appeal is prosecuted.

The facts are, that at the time of the death of Jonas Cline, about the year 1872, he was the owner of the premises described in the bill, and they were then worth less than $1000. He and his wife resided thereon as their homestead. In December, 1872, Israel S. Piper was appointed administrator of Jonas Cline's estate, and on January 28, 1874, under a decree of the probate court, he sold the land for the payment of debts of Jonas Cline, to John Bliss. On the following day, January 29, 1874, Bliss conveyed the land to Israel S. Piper, the administrator. The widow of Jonas Cline married again in 1873, left the homestead and went to reside with her husband upon a farm owned

by him, where she continued to reside until her death, in 1901. August 15, 1874, the widow and her then husband, Peter Whitsel, executed a quit-claim deed to the premises to Peter Butler. October 26, 1876, Israel S. Piper and wife conveyed all their interest in the premises by warranty deed to Peter Butler. Peter Butler conveyed the south half of the premises to G. W. White on the 15th of January, 1883, and on the same day White conveyed the same premises to William Stevenson. Peter Butler subsequently died, and his widow and children claimed to own the north half of the premises described in the bill by inheritance from him. None of the children of Jonas Cline were living with him on the premises at the time of his death but were all living at that time in homes of their own. The master found that since October 26, 1876, and up to the time of filing the bill, Peter Butler or his heirs had been in the undisputed possession of the north half of said premises and had paid all taxes thereon; that said Peter Butler was in possession of the south half of the premises from the 26th of October, 1876, until January 15, 1883, and that since that time William Stevenson has been in undisputed possession of said premises and had paid all taxes thereon.

It is not alleged in the bill that the administrator of Jonas Cline, deceased, bought the premises at his own sale, nor is there any prayer that the conveyances be set aside on that account. In the printed argument of appellants it is claimed that the administrator was, in fact, the purchaser at his own sale, and that his grantees should have been decreed to have taken no title through him. A sale made by an administrator to himself is not void but is voidable. Appellants do not claim that they were ignorant of the purchase by the administrator at his own sale, and no valid reason appears for the delay of more than twenty years in attacking it. Nor is it claimed that the property was sold for less than its real value. Presumably the estate received the benefit of the money paid for the land, and after so

long a delay a court of equity will not set aside the sale, even if it was made to the administrator. *Mason* v. *Odum,* 210 Ill. 471; *Brinkerhoff* v. *Brinkerhoff,* 226 id. 550; *Ebelmesser* v. *Ebelmesser,* 99 id. 541.

It is contended by appellants that the widow of Jonas Cline had a homestead estate in the premises which continued until her death, in 1901, and that the sale made by the administrator was void. We think this contention incorrect. The widow married before the proceeding to sell the land (to which proceeding she was a party) was instituted and moved to a farm owned by her husband, where she resided until her death. This was an abandonment of her homestead estate in the land of Jonas Cline, deceased. *Kloss* v. *Wylezalek,* 207 Ill. 328; *Kingman* v. *Higgins,* 100 id. 319; *Best* v. *Jenks,* 123 id. 447.

Appellants, upon the assumption that the widow of Jonas Cline was entitled to the premises as her homestead, argue that the deed from her to Peter Butler conveyed the premises to him during her lifetime and that no right to partition accrued to the heirs of Jonas Cline until her death, and *White* v. *Plummer,* 96 Ill. 394, is relied on. In that case the homestead had been assigned and set off to the widow before the conveyance was made and it was not shown that she had abandoned it and acquired another homestead. It was held that the conveyance vested in the grantee the right to occupy the premises during the life of the grantor. That case can have no application to the case at bar for the reason the widow had abandoned her homestead estate before she executed the deed. The deed, therefore, from the widow of Jonas Cline to Peter Butler conveyed nothing.

We are of opinion the court correctly held that appellants had no interest in or title to the premises and that the decree dismissing the bill was correct, and that decree is affirmed.            *Decree affirmed.*