JOHN WEBER *et al.* Appellants, *vs.* THE CHICAGO AND WESTERN INDIANA RAILROAD COMPANY *et al.* Appellees.

*Opinion filed October 28, 1910.*

1. TRUSTS—*request to trustee need not state purposes prompting request.* Where a trust deed in favor of the grantor's wife for life and in fee to her children reserves power in the grantor, if he survived the wife, to direct the trustee to sell and convey the property for the purpose of re-investing the proceeds, it is not necessary that the grantor's written request to the trustee to convey shall state that the purpose of the request was to have the premises sold for re-investment.

2. SAME—*grantees having same surname not presumed to be father and son.* Where a deed from a trustee and a deed from his grantee to the grantor in the trust deed are regular in form and each expresses a valuable consideration, and there is nothing to show that the two grantees were father and son except that they bore the same surname, it will not be presumed, as against innocent third parties, for the purpose of defeating the deeds, that such relation existed and that the conveyances were without consideration and part of a scheme to defeat the trust created by grantor.

3. LACHES—*what is not a sufficient excuse for delay.*  Where more than twenty years have elapsed since the complainants attained their majority and nearly forty years have passed since the deeds upon which they base their rights were executed and recorded, something more is necessary to excuse their delay in filing their bill than the averment that they had not been advised of their rights until a few months before filing the bill, as the law will presume, under such facts, the delay was caused by their own neglect.

APPEAL from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

This was a bill in chancery filed on the 21st day of July, 1909, by the appellants, in the circuit court of Cook county, against the appellees, asking the court to hold that they were the equitable owners, as against the appellees, of lot 29, in block 134, in McMartin, Rees & Ogden's subdivision in School Section addition to the city of Chicago, and for an accounting. A demurrer was sustained to the bill, whereupon appellants filed an amended bill, to which a demurrer was also sustained, and they having elected to stand by their bill, the same was dismissed for want of equity, and they have prosecuted an appeal to this court.

It appears from the allegations of the bill, as amended, that the appellants are the only living children of John C. Weber and Catherine Weber, now both deceased; that John C. Weber, and Catherine, his wife, in the year 1861 resided in the city of Chicago; that at that time John C. Weber was the owner in fee simple of the premises in controversy; that on the 20th day of June in that year John C. Weber conveyed said premises to one Casper Pfeiffer, as trustee, for the use of his wife, Catherine, for life, and in fee to such children as she should have by her marriage with John C. Weber; that the trust deed, among other things, gave power to John C. Weber, should he survive his wife, to direct said trustee to sell and convey said premises for the purpose of re-investing the proceeds; that on November 20, 1872, Catherine Weber having died, the

trustee, upon the written request of John C. Weber, conveyed the said premises to Charles Weber for the expressed consideration of $5000, and on the same day Charles Weber conveyed the premises to John C. Weber for the expressed consideration of $5500. The appellees, who were in possession of said premises, derived their title thereto by *mesne* conveyances from John C. Weber, all of which deeds are of record in Cook county.

The appellants excused their delay in filing this bill by the averments that they were infants of tender years at the time said trust deed was executed, and that they did not learn of their interests in said property until about eight months prior to the date of filing their bill.

SHAVER & NICHOLS, for appellants.

CHARLES LINCOLN BARTLETT, and SHERMAN C. SPITZER, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

The main contentions made by the appellants are: (1) That the request of John C. Weber to Casper Pfeiffer to convey said premises to Charles Weber was not in proper form; (2) that Charles Weber was the son of John C. Weber, and that the deed from Casper Pfeiffer, as trustee, to Charles Weber was without consideration, and was a part of a scheme formed by John C. Weber and Casper Pfeiffer, as trustee, to destroy the trust created by said trust deed; (3) that Charles Weber, immediately upon receipt of the title from Casper Pfeiffer to said premises, conveyed said premises to John C. Weber without consideration, and that John C. Weber sustained such a confidential relation to his children that he could not acquire title to said property, as against them, from the trustee, and that, in effect, the transaction was a transfer of the premises by the trustee, without consideration, to John C. Weber;

(4) that the deeds from Casper Pfeiffer, as trustee, to Charles Weber, and from Charles Weber to John C. Weber, bore the same date and were recorded on the same day and were in the chain of title to said premises, and were notice to all persons dealing with said premises that Casper Pfeiffer, as trustee, had conveyed said premises, by indirection, to John C. Weber, and that said deeds were void and that the appellants were the owners of said premises.

The first contention of appellants may be disposed of by the statement that it was not necessary for John C. Weber to state in the written request to the trustee to convey to Charles Weber, the purpose or purposes which prompted him to request that said conveyance be made. The request for such conveyance was in writing and was in substantial conformity with the provisions of the trust deed, and the fact that it failed to state that John C. Weber desired the premises conveyed to Charles Weber for $5000 for re-investment was not important. *Knowles* v. *Knowles,* 86 Ill. 1; *Franklin Savings Bank* v. *Taylor,* 131 id. 376.

The second contention is also without force. The deeds from Casper Pfeiffer, as trustee, to Charles Weber, and from Charles Weber to John C. Weber, were regular in form and each expressed a valuable consideration, and there was nothing upon the face of either of said deeds which showed the relation of father and son to exist between John C. Weber and Charles Weber, and such relation would not be presumed to exist, as against innocent third parties, for the purpose of defeating said deeds. *Peck* v. *Dyer,* 147 Ill. 592; *Wyman* v. *Hooper,* 68 Mass. 141; *White* v. *Iselin,* 26 Minn. 487; *Carter* v. *VanBokkelen,* 73 Md. 175.

The third and fourth contentions made by the appellants may be considered together. Had those questions been raised at the time or soon after the deeds from the trustee to Charles Weber and from Charles Weber to John C. Weber were executed, delivered and recorded there might have been force in those contentions. Something

like thirty-seven years, however, had elapsed between the date of the execution of those deeds and the date of the filing of this bill, and more than twenty years had elapsed, prior to the filing of the bill, since the appellants had attained their majority. The title soon passed out of John C. Weber, and during all those years the premises have been in the possession of innocent third parties, and the only excuse now offered for the delay in filing this bill is, that the appellants were not advised of their interests in said premises until a few months prior to the date they filed their bill. They do not, however, aver facts which show a legal excuse for not discovering their interests sooner. The rule is, the bill should set forth specifically the facts showing the impediments in the way of the appellants to an earlier presentation of their claim. (*Godden v. Kimmell,* 99 U. S. 211.) For aught that appears here the delay was caused by their own neglect, which, without proper averment, the law will presume to be the case. The same excuse was sought to be made in *Mason v. Odum,* 210 Ill. 471, which was a case, in principle, like this. In that case the delay in filing the bill was held not to have been satisfactorily explained, neither has the delay in filing this bill been satisfactorily explained. The court, in the opinion filed in the *Mason case,* on page 476, said: "The deeds of conveyance were matters of public record and she had full opportunity to investigate them if she saw fit, but for a period of twenty-four years she remained si'ent, taking no steps to protect her rights, if she had any, and thereby became guilty of such *laches* as will bar her from relief in a court of equity." In *Hamilton v. Hamilton,* 231 Ill. 128, on page 133, it was said: "Equity does not encourage stale claims, since by lapse of time there must, of necessity, be great difficulty in ascertaining the exact facts as to the matter in controversy."

Finding no reversible error in this record the decree of the circuit court will be affirmed.    *Decree affirmed.*