SARAH A. SMITH *et al.* Appellants, *vs.* EDWARD B. CLARK *et al.* Appellees.

*Opinion filed December 21, 1910—Rehearing denied Feb. 9, 1911.*

1. LIMITATIONS—*bar of Statute of Limitations applies to a bill for partition.* The bar of the seven year and twenty year Statutes of Limitations is not confined to the action of ejectment, but applies also to a bill for partition in equity as well as at law.

2. SAME—*what allegations as to ignorance of rights are not sufficient to excuse delay.* Allegations in a bill for the partition of lands devised by the grandfather of the complainants to them in fee after the life estates of their father and grandmother, to the effect that complainants never knew of the existence of the will, or their rights thereunder, until shortly before filing the bill, are not sufficient to excuse a delay of nearly forty years since their father's death in filing the bill, where the grandfather's title, his will, and the father's deed as executor, were all matters of record.

3. SAME—*what is not ground for granting relief as for fraud and concealment.* The fact that a deed made by the father of the complainants, as executor, and purporting to be made under a decree of sale to pay debts, was made to the attorney of the executor under circumstances alleged to amount to fraud and concealment by the father of the rights of the complainants, might be ground for setting aside the deed in the hands of the original grantee or his heirs, but is not ground for relief as against innocent third parties who have had possession of the land for many years, relying in good faith on the title received from such grantee.

APPEAL from the Circuit Court of Pope county; the Hon. W. W. DUNCAN, Judge, presiding.

MORRIS & HAYES, for appellants.

JOHN W. BROWNING, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellants filed a bill for partition in the circuit court of Pope county, to which the appellees were made parties upon the allegation that they were in possession of the premises claiming to own them but that they had no interest in them. After a hearing upon an amended bill, answer, replication and evidence, the court dismissed the bill for want of equity, and the complainants have appealed.

Alexander Blair, the grandfather of the appellants, died in 1842, leaving a will, which was admitted to probate in the county court of Pope county on June 20, 1842. By it he devised to his wife for life, and after her death to his son, Robert R. Blair, for life, and after his death to the children of Robert R. Blair in fee, the north half of the south-east quarter and the south-east quarter of the south-east quarter of section 27, and the west half of the north-east quarter of section 24, all in township 13, south, range 6, east of the third principal meridian, in Pope county. Robert R. Blair was named as executor of the will, and on August 24, 1850, as such executor, executed a deed purporting to convey to Wesley Sloan the south-east quarter of the south-east quarter of section 27, the west half of the north-east quarter and the north-east quarter of the north-west quarter of section 34, all in township 13, south, range 6, east. This deed purported to be made in pursuance of a decree of the circuit court of Pope county made at the May term, 1850, authorizing the sale, for the payment of debts, of certain real estate of which Alexander Blair died seized, which decree was recited *in hæc verba.*

Appellees claim title from the grantee in this deed through *mesne* conveyances of the land described in it.

The bill avers that the appellants are the devisees and owners of the land devised in section 27 and the west half of the north-east quarter of section 34. Title was proved in Alexander Blair to those lands. Robert R. Blair died in 1870. This bill was filed in 1908. There is no evidence in the record in regard to the title to the west half of the north-east quarter of section 24, though the bill alleges that the testator did not own it but did own the west half of the north-east quarter of section 34, and that the number "24" was inserted in the will by the mistake of the scrivener. The bill was therefore properly dismissed as to the land in section 34, since neither by allegation nor evidence does it appear that the complainants were the owners of it.

The appellee Edward B. Clark by his answer claims to be the owner of the south-east quarter of the south-east quarter of section 27, and the appellee Sophia Rehfeldt claims to be the owner of the north half of the south-east quarter of section 27, and each sets up, by way of defense, the Statutes of Limitations of seven years and of twenty years and the *laches* of the complainants. To meet these defenses the appellants by their amended bill aver that they had no knowledge or means of knowledge, until February, 1908, of the will of their grandfather or his ownership of any land, or of any fact or circumstance to put them upon inquiry in regard to either of those matters; that their grandfather died before they were born; that their father never mentioned the matter of their grandfather's will or his ownership of the land to them or any member of the family, but concealed the facts and caused the land to be fraudulently sold, under a pretended decree of the circuit court, to his attorney, Wesley Sloan, who also fraudulently concealed the facts from complainants, and that they learned of the existence of the will for the first time in the winter of 1908 by being told that one Spencer

245 — 17

Belford had the will of their grandfather and by thereupon causing search to be made for it in the court records of Pope county. The appellees Edward B. Clark and Sophia Rehfeldt proved a connected chain of title from Wesley Sloan, the grantee in the executor's deed, to them of the lands claimed by them, respectively, and possession by them and their grantors for a period greater than that required by the Statute of Limitations. The bar of that statute is not confined to the action of ejectment, but applies also to a bill for partition in equity as well as at law. *Kotz* v. *Belz,* 178 Ill. 434.

The appellants insist that the circumstances set up in the amended bill in regard to their ignorance of their rights and of their grandfather's will, their lack of means of acquiring information, and the execution of the executor's deed, are sufficient to excuse their delay and remove the bar of the statute. Alexander Blair's title to the land was a matter of record; his will was recorded in the county in which he had lived; the executor's deed was recorded, and no legal reason is shown for appellants' failure to ascertain their rights. (*Mason* v. *Odum,* 210 Ill. 471.) Although it is alleged that there was fraudulent concealment of the facts, no circumstance of fraud or concealment appears, except the fact that the sale was made to the executor's attorney. This might be a sufficient reason for granting relief if the title were still held by the grantee in the executor's deed or his heirs. But the title has passed from that grantee to innocent third parties, who have had possession of the land for many years, in good faith relying upon the validity of the title they have received. The facts stated in the amended bill are not sufficient to remove the bar of the Statute of Limitations.

The decree is affirmed.          *Decree affirmed.*