## GEORGE A. JOHNSON

*v.*

## WILLIAM FILSON *et al.*

*Filed at Springfield October 6, 1886.*

1. CONVEYANCE—*whether an instrument amounts to a present conveyance, or is only a bond for deed.* A written instrument from a father to his son, recited, among other things, that "I, W. F., of, etc., have this day bargained, and do grant, bargain, sell and confirm, unto the said," etc., naming the son and describing the land, for the sum of $600 in hand paid, and then bound the father, in a penal sum, to make to the son, by a time mentioned, a good and sufficient general warranty deed: *Held*, that the writing was operative as a present conveyance of the land, and, that the agreement to make a deed at a future day was simply equivalent to a covenant for further assurance.

2. PARTITION—*equitable title—whether available.* Upon a bill in equity for the partition of land, an equitable title is as available as an unquestioned legal title, and if the defendant shows that he is the equitable owner of the entire title, this will bar the relief sought.

3. LIMITATION—*bill for partition.* Where a bill for the partition of land was not filed until more than twenty years after the complainant became of age, and his right of action, if any existed, accrued some thirty-six years before, during all which time the defendants, and those under whom they claim, have had the sole and exclusive possession, under claim of ownership, under a conveyance from a common ancestor, it was *held*, that a decree dismissing the bill was proper.

4. EVIDENCE—*admissions—of what weight.* Where a party shows a clear title of record to a tract of land, it can not be overcome by proof of his casual admissions, made over twenty years before, to the effect that another person had some interest in the premises.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. BROWN & KIRBY, for the plaintiff in error:

The possession of one tenant in common is constructively that of all, and to disseize his co-tenants there must be an actual ouster, or such acts as amount to one, before the limitation runs. *Jenkins* v. *Dalton*, 27 Ind. 82.

220 JOHNSON v. FILSON *et al.*

Brief for the Defendants in Error. Opinion of the Court.

The instrument from William Filson to William Filson, Jr., being only an executory contract for a deed, did not vest the legal title in the latter, and could not be color of title, under section 6, chapter 83, of the Revised Statutes. *Dickenson* v. *Breeden*, 30 Ill. 279; *Dunlap* v. *Dougherty*, 20 id. 397; *Bride* v. *Wall*, 23 id. 507; *Rigdon* v. *Frye*, 62 id. 507.

Mr. JULIAN P. LIPPINCOTT, for the defendants in error:

The instrument from William Filson, etc., to his son William, contains all the essentials of a deed, and upon being acknowledged and recorded, passed the title to the lands therein described. (4 Kent's Com. 460-462; Rev. Stat. chap. 50, secs. 3, 8.) But if a bond for a deed, it passed the equitable title. In a court of equity an equitable title is enforced and treated the same as a legal title. *Buck* v. *Eaman*, 18 Ill. 529; *Smith* v. *Smith*, 55 id. 204.

Twenty years' actual possession of a lot under a contract of purchase is a bar to an action of ejectment as to any part of the land within inclosure. *Schneider* v. *Botsch*, 90 Ill. 577.

The limitation may be invoked against a claim of co-tenancy. *Goeway* v. *Urig*, 18 Ill. 238; *Hinckley* v. *Greene*, 52 id. 223.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is a writ of error to review a decree of the circuit court of Morgan county, dismissing a bill filed by George A. Johnson, as heir of his grandfather, William Filson, Sr., against the defendants in error, as heirs of William Filson, Jr., a son of the former, for the partition and division of certain lands, of which William Filson, Sr., is charged in the bill to have died seized. It is an admitted fact, that the land in controversy, prior to and on the 9th of February, 1839, belonged to William Filson, Sr., through whom all the parties claim. On that day he executed to his son, William Filson, Jr., the following instrument:

"Know all men by these presents, that I, William Filson, Sr., of the county of Morgan and State of Ill have this day barganed and do grant, Bargen, sell and confirm to the sd William Filson, Jr., of the county and State above writen, all that tract or tracts of land hereafter named for the sum of six Hundred Dollars in hand paid, the receipt of whitch is heareby acknoladged, known and Designated as follows, to-wit: Being and lying in Morgan county and State of Illinois, and Designated on the plat of the United States survay as being the east half of the southeast quarter of section Twenty-Eight, in Township Fifteen North, of range nine West; also, forty acres known as follows, to-wit: it being the North East quarter of the North East quarter of section number thirty-three, in township Fifteen north, of range nine west, together with all and singular the heriditament and appertanence thareeunto, belonging or in anywise appertaining thereto, to have and to hold the above Described premises unto William Filson, Jr., of the county and State above written, to him, his heirs and assigns forever, &c.

"Now, for the true performance of this, I, William Filson, Sr., of the county and State aforesd, bind myself, my heirs, ex and or administrators or assigns in panal sum of three thousand dollars, to be paid to the sd William Filson, Jr., of the second part; provided always, that if the sd William Filson, Sr.; of the first part, or his heirs, ex or administrators or assigns Dos, on or before the the first day of January in the yeare of our Lord one thousand Eight hundred and forty-six Dos, well and truly make a good and suficient Deed in fee simple or a general warrant Deed, then this penal sum to be void or else to remain in full force and virtue.

"it is further understood that the sd William Filson, Jr., of the first part, is to live in the sd house on the farm he now lives in during his natural life, and is to have the whole control of that house as his own property, and at the Death of said William Filson, Sr., and Mary, his wife, the said Wil-

liam Filson, Jr., is to have full and free possession of house
and farm as above written.

"As witness my hand and seel this 9th day of Fabruary,
in the year of our Lord, one thousand eight Hundred and
thirty-nine.                    WILLIAM FILSON.   [Seal.] "

This instrument was filed for record in the proper office
August 26, 1839.

We think the weight of evidence shows that the grantee
took possession of the premises, under the instrument, subject
to the grantor's rights therein reserved, prior to the death of
the latter, which occurred on the 27th of March, 1848.   The
evidence on this point, however, is not very clear, and plaintiff
insists that possession was not taken until after the grantor's
death.   We do not think it a matter of much, if any, import-
ance, whether possession was taken before or after his death,
as it is shown by the concurrent testimony of all the witnesses,
that William Filson, the grantee, had exclusive control and
possession of the premises from the time of his father's death
to that of his own, which occurred in 1868.   After the death
of the latter, his widow and heirs continued to so occupy the
premises until the commencement of this suit, on the 2d day
of October, 1882.   The complainant in the bill is the only
child and heir at law of Martha Johnson, a deceased daughter
of William Filson, Sr., and, as he testifies he was born in May,
1840, consequently he was forty-two years old at the time of
the commencement of the suit.   From this it will be perceived
that between the date of complainant's majority and the
commencement of the present suit, more than twenty years
elapsed, and that the suit was not commenced until some
thirty-six years after the right of action, upon complainant's
theory, had accrued.   Such being the undisputed facts, we have
no doubt of the correctness of the decree of the court below.

We concur in the view taken by counsel for defendants in
error, that the instrument executed by William Filson, Sr.,

to his son, on the 9th day of February, 1839, is something more than a mere agreement to convey. The language of the instrument is, that "I, William Filson, Sr.,   *   *   * have this day barganed, and *do grant, bargen, sell and confirm* to the said William Filson, Jr.," etc. The words here used are the ordinary operative and technical words found in nearly all conveyances of land, and we could not hold them inadequate to pass the title without doing violence to the express terms of the instrument. This we can not do. Nor does the fact that the grantor, in the same instrument, bound himself, in a penalty of $3000, to make another deed, "in fee simple," to the grantee, on or before the 1st day of January, 1846, make any difference in this respect. The latter provision in nowise limits or qualifies the apt words of conveyance already used in the deed. It is apparent on the face of the instrument that the party who prepared it was an illiterate person, and the parties may have been apprehensive that it might turn out defective, and as a matter of precaution, caused the covenant to make another deed, to be inserted. We are inclined, therefore, to the opinion, that this undertaking by the grantor to make another deed should be treated merely as a covenant for further assurance. In the view we take of the case, however, this is a matter of but little importance, for if it be conceded the instrument in question is a mere bond or contract for a conveyance, then it follows, as a matter of course, the son became entitled to a conveyance on the 1st of January, 1846, since which time William Filson, Jr., and those deriving title through him, are in equity to be regarded as the sole and exclusive owners of the land in controversy, and it is hardly necessary to add, that such a title, upon a bill for partition, as is the case here, is just as available as an unquestioned legal title.

In any view we are able to take of this case, we think the equities are clearly with the defendants in error. The attempt to assail their title by proof of casual admissions, made by

the grantor some twenty or more years ago, to the effect that plaintiff in error had some interest in the premises, can not be permitted to prevail over a clear title of record.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*