SUSAN MASON *et al.* Defendants in Error, *vs.* JAMES H. WINGATE, Plaintiff in Error.

*Opinion filed October 24, 1916.*

1. LIMITATIONS—*when widow does not acquire title adverse to heirs.* Where the widow, by virtue of her dower and homestead rights, is in possession of land which has been sold for taxes, she cannot acquire title adverse to the heirs by purchasing the certificate of purchase and having a tax deed issued to her, nor can such tax deed be relied upon as color of title acquired in good faith.

2. SAME—*purchaser with knowledge of the facts occupies no better position than the grantor.* One who obtains an undivided five-sevenths interest in land by a deed from the widow, who had purchased the interest of one heir, and an heir who had purchased the interest of three others, cannot claim title, by limitation, against the two heirs who have not conveyed their interests, even though the deed purports to cover the entire eighty-acre tract, where he has knowledge of all the facts and where there is nothing to show that the two heirs had any knowledge that he intended his possession of the land to be adverse to them.

3. SAME—*possession of one tenant in common cannot be set up as a bar against co-tenants.* The mere possession of one tenant in common, coupled with payment of taxes and appropriation of rents by him, cannot be set up as a bar against his co-tenants, in the absence of any facts tending to show an ouster of the other co-tenants.

WRIT OF ERROR to the Circuit Court of Hardin county; the Hon. JULIUS C. KERN, Judge, presiding.

RICHARD F. TAYLOR, JOHN C. OXFORD, and JAMES E. DENTON, for plaintiff in error.

JAMES A. WATSON, and JOHN Q. A. LEDBETTER, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Defendants in error, as complainants in the court below, filed their bill for the partition of eighty acres of land in Hardin county. The bill also prayed that a certain tax

deed be set aside as a fraud upon the rights of complainants and declared to be null and void. A decree was entered in accordance with the prayer of the bill for partition and setting aside the tax deed, to review which this writ of error is sued out.

The land described in the bill (eighty acres) belonged to James Cullison in his lifetime and was occupied by him and his family as a home. Cullison died intestate in June, 1877, leaving a widow, Margaret A. Cullison, six children, John Cullison, Elizabeth Ann, Salona, Tryphenia, Ezekiel H. and Susan, also a grandchild, Rhoda Laird, only child of a deceased son, as his only heirs-at-law. The bill alleges said heirs each inherited an undivided one-seventh of the land; that before the death of Cullison the land was sold for taxes to C. L. Clanahan; that immediately after the death of Cullison his widow redeemed the premises from said tax sale, but instead of procuring a certificate of redemption from the county clerk she took an assignment of the certificate of purchase from Clanahan, and afterwards, in fraud of the rights of complainants, secured a tax deed from the county clerk to herself for said premises. After the death of his father John Cullison conveyed his interest in the premises to the widow, his mother. Elizabeth, Salona and Tryphenia conveyed their interest in the land to their brother Ezekiel H. Cullison. On September 15, 1897, the widow and the son Ezekiel H. executed a warranty deed to plaintiff in error, James H. Wingate, husband of James Cullison's daughter Tryphenia, for the entire eighty acres of land for the expressed consideration of $1000. Complainants claimed to each own the undivided one-seventh of the land. James H. Wingate answered, denying complainants owned any interest in the land and claiming that he was the owner of the entire premises. He denied the tax deed was a fraud, and alleged he was the purchaser in good faith of the premises in controversy and had for seven successive years been in the actual, adverse and exclusive pos-

session of the premises, during which time he had paid the taxes thereon.

Plaintiff in error claims to be the owner of the two-sevenths interest in the premises claimed by defendants in error, either by virtue of the twenty years' Statute of Limitations or under section 6 of the chapter on limitations, under color of title obtained in good faith, together with possession and payment of taxes for seven years.

As we understand the argument, the claim of ownership by virtue of the twenty years' Statute of Limitations is based upon the contention that the widow, from the time she obtained a tax deed to the premises shortly after the death of her husband, claimed to own the whole of the premises by virtue of that deed, and that her possession, and his since he purchased from her, was adverse to defendants in error. There is no proof to support the contention that the widow's possession was hostile and adverse to the heirs. In the first place, she acquired no title to or interest in the premises by the tax deed. She was entitled to the possession of the premises, by virtue of her homestead and dower estates, after her husband's death and it was her duty to pay the taxes. She could not acquire title through a sale of the land for non-payment of taxes, and an attempt to do so by her amounted to a payment of the taxes and created no right in her adverse to the owners of the fee. Whatever her intention may have been in securing the tax deed, she never did any act which would be notice to the heirs that she claimed the land adversely to them by virtue of the tax deed. Subsequent to the acquirement of the tax deed by her she bought the interest of one of the heirs, and she and the son who had bought the interest of three other heirs united in the conveyance to plaintiff in error. That deed purports to be a conveyance of the entire eighty acres and is the nearest approach to an adverse claim to defendants in error to be found in the proof, and that is wholly insufficient to establish that claim. She was not a

purchaser in good faith under her tax deed, because, as we have stated, as life tenant the law made it her duty to pay the taxes, and her purchase of the certificate of purchase from Clanahan amounted to a payment of the taxes by her, and she could not, by taking an assignment of the certificate and a tax deed, acquire any interest adverse to the owners of the fee. *Blair* v. *Johnson,* 215 Ill. 552; *Hanna* v. *Palmer,* 194 id. 41; *Lewis* v. *Ward,* 99 id. 525.

Neither is plaintiff in error in any position to claim title by virtue of section 6 of the Limitation act. He could not rely upon title obtained by virtue of the tax deed to the widow as color of title obtained in good faith because it was not color of title so obtained by her, and as her grantee with knowledge of the facts he occupied no better position than the widow. (See authorities above cited.) Plaintiff in error acquired a five-sevenths interest in the land by the deed from the widow and E. H. Cullison in 1897. He went into possession of all of the premises under the deed and has so continued until the commencement of this suit. The only testimony relied on to show that he claimed adversely to defendants in error is that he paid the taxes, received all the income from the land, and his statement that he claimed to be the owner of it. There is no proof that defendants in error ever had any knowledge that plaintiff in error claimed the whole of the premises, nor is any act of his shown from which any such claim could be inferred. The mere possession of one tenant in common, payment of taxes and appropriation of rents by him cannot be set up as a bar against a co-tenant in common. *McMahill* v. *Torrence,* 163 Ill. 277; *Donason* v. *Barbero,* 230 id. 138; *Stowell* v. *Lynch,* 269 id. 437.

The decree is supported by the law and the evidence and is affirmed.    *Decree affirmed.*