(No. 13188.—Decree affirmed.)

EMMA F. ALLEN, Appellee, *vs.* RICHARD S. ALLEN *et al.*
Appellants.

*Opinion filed April 21, 1920.*

1. DEEDS—*when possession under deed from co-tenants does not
amount to disseizin as to parties not joining in deed.* Although a
deed from co-tenants purports to convey the entire title, where one
of the co-tenants who did not join in the deed is the wife of the
grantee and the others are minors, of whose interest the grantee is
informed, the grantee is not a purchaser in good faith of the en-
tire title, and his possession under such deed cannot operate as a
disseizin of the parties who did not join and is not adverse as to
them. (*Burgett* v. *Taliaferro,* 118 Ill. 503, distinguished.)

2. LIMITATIONS—*what does not render husband's possession ad-
verse to that of wife.* The facts that a husband manages, improves,
rents and collects rents from land belonging to his wife, who lives
with him, do not render his possession hostile or adverse to his wife.

3. PARTITION—*what evidence is not sufficient to prevail over
record title.* Where the record title to land is in a wife as heir of
her father, in a partition suit between her devisee and the heirs of
her husband testimony of a witness to conversations he had in re-
gard to the land when he was a prospective purchaser, and in which
he claims the wife said all the land belonged to her husband, that
she had no claim except her dower interest and that she had quit-
claimed her interest to her husband, is not sufficient to prevail over
the record title, there being no proof of such quit-claim deed nor
of its delivery.

APPEAL from the Circuit Court of Whiteside county;
the Hon. EMERY C. GRAVES, Judge, presiding.

FRANK J. BOWMAN, for appellants.

McCALMONT & RAMSAY, and DOERFLER, BENDER & MC-
INTYRE, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree for partition. Appel-
lee, Emma F. Allen, filed her bill for the partition of a farm
of two hundred and forty acres. Appellee and Richard S.

Allen and Joseph H. Allen were the only children and heirs-at-law of Henry P. Allen, who died intestate February 16, 1915. The bill alleged Henry P. Allen at the time of his death was sole owner, in fee simple, of all the land described except a certain eighty acres known as the Denison eighty, and that he owned an undivided five-sixths interest in that tract; that Catherine L. Allen, his wife, owned the other undivided one-sixth; that Catherine L. Allen died testate March 21, 1917, and by her will devised her interest in the Denison eighty to appellee. The only controversy is as to the title of the parties to the Denison eighty. The bill alleged that each of the children of Henry P. Allen inherited from him five-eighteenths of said tract and appellee acquired by the will of Catherine L. Allen three-eighteenths, making her interest eight-eighteenths. The Denison eighty originally belonged to Lucius H. Denison, who died intestate in 1882, leaving a widow, who has since died, and Henry L. Denison, Catherine L. Allen, Lockwood D. Denison, Edwin E. Denison, Argil V. Denison and Herbert W. Denison, his children and only heirs-at-law. Argil V. Denison died intestate in 1893, leaving a widow, Mary J. Denison, and Perry L. Denison, Ethel Dickey, Ralph Denison and Ruby Denison, his children and only heirs-at-law. April 1, 1902, the four surviving children of Lucius H. Denison,—Henry L., Herbert W., Edwin E. and Lockwood D. Denison,—also Mary J. Denison, widow of Argil V. Denison, and Perry L. Denison and Ethel Dickey, two of his surviving children, joined in a warranty deed of the premises to Henry P. Allen. The deed recites that the grantors, Henry L., Herbert W., Edwin E. and Lockwood D. Denison, "with Catherine L. Allen, wife of Henry P. Allen, the grantee herein, are all the surviving children of Lucius H. Denison, deceased, and Mary J. Denison, widow, and Perry Denison, single, Ethel Dickey, Ralph Denison and Ruby Denison, children and only heirs-at-law of Argil V. Denison, a deceased son of Lucius H. Deni-

son," (Ralph and Ruby Denison being minors and not join-ing in the deed,) are all the heirs-at-law of Lucius H. Deni-son. Upon the recommendation of the master in chancery to whom the case was referred, the court entered a decree for partition in accordance with the prayer of the bill, from which decree Richard S. and Joseph H. Allen, the brothers of appellee, appealed to this court.

It is the contention of appellants that the deed to Henry P. Allen in April, 1902, by a part of the owners of the land as tenants in common, conveyed the whole title and estate in fee simple, with covenants of seizin and warranty, under which the grantee entered into possession; that such entry must be deemed adverse to the title and possession of the other co-tenants and amounted to a disseizin; that the grantee under said deed took complete and absolute possession, made valuable improvements, paid all taxes and remained in such possession and control until his death, a period of more than seven years, whereby his title became complete in severalty by virtue of the seven year Statute of Limitations. The principles relied on by appellants are stated in *Burgett* v. *Taliaferro*, 118 Ill. 503, but that case can have no application to this case. In that case the grantor represented to a third party to whom the deed was made that she had obtained deeds from her co-tenants for their interest in the property and that she was the sole owner, and her grantee believed and relied upon the grant-or's representations. He intended to and believed he was acquiring complete title. Under the facts this court held the deed operated as a disseizin of the grantor's co-tenants; that it was color of title in good faith in the grantee, and that the Statute of Limitations barred the co-tenants after seven years' possession and payment of taxes by the grantee. In this case Henry P. Allen knew he was not acquiring the entire title. He knew his wife was the owner of an undivided one-sixth of the land and that she did not join in the deed. He knew, also, that Ralph and Ruby Deni-

son, minors, owned an interest in the premises which he did not get. He afterwards acquired their interest through a conveyance from their guardian, but there was no conveyance to him of his wife's interest. He was not a purchaser in good faith of the entire title. While the deed purports to convey title complete, it is evident from its language that the grantors only intended to convey their title and that it was so undersood by the grantee, for the deed shows by its recitals that Catherine L. Allen and Ralph and Ruby Denison are part owners, as tenants in common, with the grantors. The deed could not, therefore, operate as a disseizin of them, and the possession taken by the grantee was in no sense hostile or adverse to them.

While in the following cases the facts were not the same as here, the general principles applying where one tenant in common sets up a claim of the entire title by disseizin of his co-tenants and hostile possession for seven years are stated: *Sontag* v. *Bigelow,* 142 Ill. 143; *Busch* v. *Huston,* 75 id. 343; *Roberts* v. *Cox,* 259 id. 232; *Biggins* v. *Dufficy,* 262 id. 26; *Thomas* v. *Chapin,* 274 id. 95; *Peabody* v. *Burri,* 255 id. 592.

The proof shows the relations existing between Henry P. Allen and his wife, Catherine, were most agreeable. Mrs. Allen was an invalid from the effects of rheumatism several years before her husband's death, but she kept his books and had authority to draw checks on his bank account and had access to all her husband's money. The fact that he managed, improved, rented the land and collected rents did not make his possession hostile or adverse to his wife. (*Sanford* v. *Finkle,* 112 Ill. 146; *Gafford* v. *Strauss,* 18 Am. St. Rep. 111, and note; *Mason* v. *Wingate,* 275 Ill. 117.) One witness testified on behalf of appellants that he had a talk with Henry P. Allen about selling his farm, when his wife was not present, in which conversation Allen said he had bought the Denison eighty and was in pos-

session of the whole farm; that later, about 1912, he had another talk with him about selling the farm, in the presence of Mrs. Allen, in which he said he owned the whole farm; that Mrs. Allen said the farm was Allen's and no one else had any claim on it. Mention was made of the Denison eighty, and Mrs. Allen said she had no claim on any of the land other than a dower interest as wife. After Allen's death Mrs. Allen said she had given him a quitclaim deed for her share in the land. No one else was present at any of the conversations and that was the only proof upon that subject. No such deed was on record and there was no other proof that any deed was ever made by Mrs. Allen and there was no proof of its delivery. Such proof was insufficient to prevail over the record title. *Johnson* v. *Filson,* 118 Ill. 219.

That appellee and her brother, Richard S. Allen, as administrators of Henry P. Allen's estate, inventoried the entire farm, including the Denison eighty, as the property of Henry P. Allen is of no importance in the decision of this case. Catherine L. Allen inherited one-sixth of the Denison eighty from her father and she never parted with her title to anyone. Her husband acquired, by purchase from the other heirs of Lucius H. Denison, their interest, but he knew at the time he received the deed his wife owned one-sixth of the eighty and that her interest did not pass to him by the conveyance from her co-tenants. His possession, as we have said, was not hostile or adverse to his wife and could not ripen into a title to the whole by the Statute of Limitations.

The decree is affirmed.          *Decree affirmed.*