DAVID S. LITTLEJOHN

*v.*

THOMAS H. BARNES.

*Filed at Springfield November 2, 1891.*

1. STATUTE OF LIMITATIONS — *adverse possession for twenty years.* Adverse possession of land for the period of twenty years, even without any deed or other muniment of title, will bar an action by the owner for its recovery.

2. SAME—*bar to bill for partition by tenant in common.* The open, visible and adverse possession of land by one tenant in common, under claim of ownership, for over twenty years, is a bar to a bill by another tenant in common for partition, when such possession was so hostile in its character as to put the Statute of Limitations in motion against the complainant.

APPEAL from the Circuit Court of Fulton county; the Hon. JOHN C. BAGBY, Judge, presiding.

Messrs. GRAY & WAGGONER, and Messrs. MASTERS & DYCKES, for the appellant:

Adverse possession of land, to defeat the legal title, must have been hostile in its inception, and so continue uninterruptedly for twenty years. During that period there must be a continuous assertion or claim of ownership hostile to all others. *Weber* v. *Anderson*, 73 Ill. 439 ; *Kerr* v. *Hitt*, 75 id. 57 ; *Bolden* v. *Sherman*, 101 id. 483 ; *Shaw* v. *Schoonover*, 130. id. 449 ; *Turney* v. *Chamberlain*, 15 id. 271 ; *Ambrose* v. *Raley*, 58 id. 506.

Mr. J. S. WINTER, and Mr. J. W. BANTZ, for the appellee:

The adverse possession of the appellee, and those under whom he claims, for twenty years, is a bar to this action. *Hinchman* v. *Whetstone*, 23 Ill. 185; *Falloon* v. *Simshauser*, 130 id. 648; *Kerr* v. *Hitt*, 75 id. 51; *Hubbard* v. *Stearns*, 86 id. 35; *James* v. *Railroad Co.* 91 id. 554.

Even if the true owner regains possession of the land after it has been held for twenty years adversely by a trespasser, the trespasser can recover the possession again from the true owner, unless such owner can show in his defense he had destroyed the bar by purchase, limitation, or some other mode equally as effectual. *McDuffee* v. *Sinnott*, 119 Ill. 499; *Riverside Co.* v. *Townshend*, 120 id. 9.

A possession of land, in order to be adverse, need not be under any muniment of title. Adverse possession is a possession inconsistent with the rights of the true owner, and depends upon the intention with which it was taken and held; and an actual occupancy of land by any one, accompanied by acts of ownership inconsistent with the facts of ownership in another, is presumptively adverse possession. *Falloon* v. *Simshauser*, 130 Ill. 649.

A deed is not necessary to transfer the possession of land held adversely. *Weber* v. *Anderson*, 73 Ill. 439; *Schneider* v. *Botsch*, 90 id. 577; *Ewing* v. *Burnett*, 11 Pet. 41.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was a bill by appellant, against appellee, filed in the circuit court of Fulton county, February 22, 1890, for partition, alleging that the parties are owners in fee as tenants in common of the north-west quarter of the south-east quarter of section 13, township 5 north, range 2 east, in Fulton county, Illinois, the complainant being seized of the undivided two-thirds and the defendant of the undivided one-third thereof. Appellee, by his answer, denied that the complainant had any

interest in the premises whatever; alleges that Abraham Littlejohn, Sr., died seized of the same, and on August 17, 1868, one of his sons, Abraham Littlejohn, Jr., claiming to own the same, conveyed it to one Thomas Schoville, who, with his wife, afterward conveyed it to R. Jordan Pritchard, and he to the defendant; that said Thomas Schoville, R. Jordan Pritchard and defendant have been in the exclusive possession thereof from said 17th of August, 1868, until the filing of this bill, pleading the twenty years Statute of Limitations, and also seven years' possession and payment of taxes under color of title. The evidence shows that Abraham Littlejohn, Sr., died intestate in 1852, seized of the entire south-east quarter of said section 13, leaving a widow, and John, Margaret J., (married to Isaac Harris,) Phœbe A., (married to John Landis,) Magdelena, (married to Thomas Schoville,) David S., (the complainant,) and Abraham, Jr., his sons and daughters and only heirs-at-law.

Complainant introduced in evidence the following deeds, to-wit: January 23, 1864, from Thomas Schoville and wife to Abraham Littlejohn, describing "all their interest" in said south-east quarter of section 13; February 19, 1859, from Isaac Harris and wife to complainant, "all our title, interest and estate, legal and equitable," in said south-east quarter of section 13; May 15, 1865, from Abraham Littlejohn to complainant, "the undivided third part" of the south-east quarter of said section 13. By these conveyances complainant became seized of the undivided two-thirds of the land described in the bill. The defendant offered the following deeds: August 17, 1868, from Abraham Littlejohn and wife to Thomas Schoville, describing "all our interest as heirs to the north-west quarter of the south-east quarter" of said section 13; February 1, 1868, from John Littlejohn and wife to Thomas Schoville, "the undivided two-sixths part of the south-east quarter" of said section 13; June 25, 1864, from John Landis and wife to John Littlejohn, the undivided one-sixth part of the south-

·east quarter of said section 13 ; also, deeds from Schoville and wife to Pritchard, and from Pritchard and wife to appellee.

The deed of August 17, 1868, from Abraham Littlejohn and wife to Thomas Schoville, purporting to convey all their inter-·est as heirs, passed no title to the grantee, for the reason that Abraham Littlejohn and wife had no interest in the premises ·conveyed, as heirs or otherwise, so far as shown in this record, ·and the title, as shown by the several deeds of conveyance in ·evidence, is correctly stated in the bill. Therefore, the only question for our decision is, does the twenty years Statute of Limitations bar this action.

It is shown by all the testimony, that from about the 17th ·of August, 1868, to the date of his sale to Pritchard, Thomas Schoville was in the actual, open and exclusive possession of ·said land, and that he transferred that possession to Pritchard, and he to appellee, the latter holding the same when this action ·was begun. There is therefore no controversy as to the fact ·of continuous, uninterrupted possession by appellee and his grantors for the statutory period of twenty years. The testimony of Thomas Schoville is full to the effect that he took possession under Abraham Littlejohn, who then claimed to be ·the owner ; that he held it during all the years he was in possession, under a claim of ownership, and exercised many visible acts of ownership over it, such as cultivating it, clearing portions of it, selling timber and crops grown on it, causing a house to be built upon it, and paying all taxes assessed against it. He also testified that appellant knew that he claimed to be such owner ; that he lived near the land, was present when a part of it was being cleared, purchased timber of him which he knew to have been taken from the land, and hired pasture of him on it. Appellant, however, insists that counter-evidence introduced by him proves that the knowledge of Schoville's claim of ownership did not come to him until 1879, when he ;built a house thereon. Even if that fact were material, we 'think the weight of the testimony is the other way. But it is,

31—138 ILL.

not a controlling fact as to when he first knew of such claim of ownership. The evidence of Schoville is corroborated as to his open acts of ownership. It is true, complainant and Abraham Littlejohn testify that he took possession, not as absolute owner of the property, but as a tenant, and the deed of August 17, 1868, tends to show that he entered, not as owner of the entire premises, but as grantee of, at most, only an undivided interest. But even if it should be held that by that deed he became a tenant in common with complainant, still we think the evidence sufficient to justify the decree below, on the ground that his possession at once became so hostile in its character as to amount to a constructive ouster of his co-tenant, and put the Statute of Limitations in motion against him. (*Dryden v. Newman*, 116 Ill. 190.) It is unreasonable to suppose that during all the years of Schoville's possession appellant should have given no attention whatever to his rights in those lands, as he now claims they existed, knowing Schoville was exercising acts of absolute ownership, paying taxes, and in every manner treating it as belonging to him. That adverse possession of lands under a claim of ownership for the period of twenty years, even without any deed or other muniment of title, will bar an action by the owner for its recovery, is too well settled to be questioned.

The vital question in this case is, was the possession of Schoville and his grantees so adverse and hostile to the ownership of appellant as to put in operation the Statute of Limitations against appellant twenty years prior to the filing of his bill. On this question the evidence is somewhat conflicting, but we are not prepared to say that the court below, who heard the witnesses testify, has not weighed it properly in the finding in favor of appellee. Its decree will therefore be affirmed.

*Decree affirmed.*