State v. Sioux Falls Brewing Co. *et al.*

The death of Judge Bennett, a member of this court, and the qualification of Judge Fuller as his successor, did not and does not render necessary a reargument of a case argued and submitted prior to Judge Bennett's death, where the surviving judges, constituting then and now a majority of the court, are agreed as to its disposition.

(Syllabus by the court. Opinion filed May 3, 1894.)

Appeal from circuit court, Minnehaha county. Hon. Frank R. Aikens, Judge.

This case was first decided by this court in an opinion filed March 3, 1894, reported in 5. S. D., 39, 58 N. W. 1, in which opinion the judgment of the lower court was reversed. Respondents petitioned for a rehearing which is in this opinion denied.

*McMartin & Carland,* for appellants.

*Robert Dollard,* Attorney General, and *Wm. A. Wilkes,* for respondent.

Kellam, J. The original opinion upon which this case was decided is published in 5 S. D. 39, 58 N. W. 1. A petition is filed in behalf of the state asking a rehearing. Aside from one point, which we notice further on, the petition plainly presents no reason for reopening the case. The points and arguments are the same as on the original hearing. No new views are presented. Nothing in the petition leads us to change our judg-

ment as expressed in the former opinion upon the questions therein discussed. It is, however, urged that intermediate the oral argument and submission of this case and its decision the personnel of this court was changed by the death of Judge BENNETT and the appointment of Judge FULLER as his successor. Upon the death of Judge BENNETT, in December last, there were before this court many undecided cases. Some of them had been argued orally, and others submitted on printed briefs. It was the judgment of the surviving members of the court that there was neither necessity nor occasion for requiring a reargument of any case whose proper decision was readily agreed upon by the two surviving judges who were of the court when the case was argued or submitted. Their concurrence would, in any event, constitute the judgment of the court. To ask for or to allow a reargument of a question upon which a majority of the court is already satisfied would be wrong, because it would create an expense of time and money without any prospect of remunerative results. We have, therefore, pursued the practice of asking for reargument of cases only in which there was a difference of opinion between the two surviving judges. This view and proposed practice were expressly approved by a number of the attorneys of the state who were consulted, and disapproved by none. The two judges who were members of the court when this case was submitted, and then and now constitute a majority of the court, being agreed as to its disposition, there was and is no occasion for a reargument. It is true that Judge FULLER wrote the opinion upon which the case was decided, but, without regard to who wrote it, it was the opinion and judgment of the majority of the court as constituted when the case was submitted and argued. Except in expression, it would have been the same if prepared by either of the surviving judges prior to Judge FULLER'S appointment. To recognize the change in the personnel of the court as alone sufficient to require a reargument would lead to the conclusion that intermediate the death of Judge BEN-

NETT and the qualification of Judge FULLER this court could not decide any case, although the surviving judges were agreed as to its decision. There seems to us no good reason for such a conclusion. The petition for rehearing is denied, all the judges concurring.