## KLINE et al. v. GINGERY.

A demand for rescission of the sale of a stallion and return of the purchase notes is not a "claim" within Probate Code, §§ 178, 180, requiring a claim against a decedent's estate to be presented to the personal representative before suit thereon, but such sections have reference only to demands enforceable against decedent by a personal action for the recovery of money only.

An action against an executrix to rescind a sale by decedent of a stallion and for return of the purchase notes being an equity action, the court had jurisdiction to determine all questions connected with the subject-matter of the action, and the power, upon decreeing rescission, to allow plaintiffs compensation for the keeping of the stallion, without a prior presentation of a claim therefor to the executrix.

(Opinion filed, Feb. 9, 1910.)

Appeal from Circuit Court, Jerauld County. Hon. FRANK B. SMITH, Judge.

Action by William Kline and others against C. E. Gingery. Pending the action defendant died, and Henrietta Mae Gingery, executrix of his will, was substituted. Judgment for plaintiffs, and defendant appeals. Affirmed.

*J. G. Bradford,* for appellant. *Preston & Hannett,* for respondents.

CORSON, J. This is an appeal by the defendant from a judgment entered in favor of the plaintiffs. The action was instituted by the plaintiffs against C. E. Gingery, since deceased, for the purpose of obtaining a decree rescinding a contract of sale of a certain stallion sold by said Gingery to the plaintiffs for breach of a written guaranty, and on the ground of fraudulent representations made by the defendant, C. E. Gingery, to the plaintiffs in regard to said stallion. Issue was joined in said

action, and before the trial thereof the defendant died testate, and the present defendant was appointed by the county court as the executrix of the will of said C. E. Gingery, deceased. Upon the death of said defendant, C. E. Gingery, the plaintiffs amended their complaint, setting forth the death of the original defendant, and appointment of the present defendant as executrix who was substituted as defendant in said action. In their amended complaint the plaintiffs demanded judgment against said defendant for the rescission of the contract for the purchase price of said horse, for the return of the promissory notes given by the plaintiff to the defendant for the purchase price of the same, that said defendant be, by the decree of the court, required to accept the return of said horse from these plaintiffs, and that they have judgment against the defendant for the sum of $600, the value of the keep and care of said horse during the time it had been in the possession of the plaintiffs. The court found the facts in favor of the plaintiffs, and states as its conclusion of law that the plaintiffs are entitled to a decree of the court rescinding said contract; that the notes and purchase price of said stallion be returned to the plaintiffs properly canceled, and if any part of said notes shall have been paid, the amount thereof be returned to the party having paid the same, upon the return of said horse to the defendant; that the plaintiffs are entitled to recover from the defendant the sum of $310 to reimburse them for the reasonable costs of keep and feeding the same, and that said sum of $310 be made a lien upon the said horse until the same is paid; that if the defendant fails to return said notes and cash received for the purchase price of said horse within 30 days after the entry of said decree and service of a copy thereof upon attorneys for defendant, then said plaintiffs shall recover of said defendant the sum of $1,000, the purchase price of said horse, and the further sum of $310 for the keep and feeding of the same, and that said decree shall, by its terms, provide for the return of said horse to said defendant, and for the return of the purchase price of said horse to the plaintiffs. Judgment was thereupon entered in accordance with conclusions of the court.

It was not alleged in the amended complaint that the claim of plaintiffs was presented to the executrix, and the fact that the claim was not presented is not alleged in the answer, or found by the court. Counsel for the appellant in his brief states: "The only question in the case is whether the court could render judgment against this defendant without an allegation and proof that the claim of the plaintiffs was first presented to the executrix for approval, and rejected by her." It is contended by the appellant that under the provisions of section 178 of the Probate Code, which provides, "No holder of any claim against an estate shall maintain any action thereon unless the claim is first presented to the executrix or administratrix," the judgment cannot be sustained. It is contended, however, by the counsel for the plaintiffs that their demand in this action for a rescission of the contract and a return of the notes does not constitute a "claim" within the meaning of the section referred to, and they further contend that this question cannot be raised upon this record, as no bill of exceptions has been settled in the action, and that the error, if one was committed, does not affirmatively appear from the judgment record. Assuming that the omission of the plaintiffs to allege in their complaint, and the court to find, that plaintiffs' claim had been presented to the executrix is properly presented by this record, we are of the opinion that the contention of the respondents that the term "claim," as used in sections 178 and 180 of the Probate Code, has reference to debts or demands against the decedent which might have been recovered against him in his lifetime by a personal action for the recovery of money only. We are inclined to take the view that the respondents are right in their contention.

In Fallon v. Butler, 21 Cal. 32, the Supreme Court of California, in defining the term "claim," used in the Probate Code of that state, which is substantially the same as our own, says: "Whatever signification there may be attached to the word 'claim' standing by itself, it is evident that in the probate act it has reference to such debts or demands against the decedent as might have been enforced against him in his lifetime by personal actions for the recovery of money, upon which only a money judgment

could have been rendered." And this definition of the term "claim" by the court in that case was approved in Estate of Mc-Causland, 52 Cal. 568, and both of these cases are cited with approval by this court in the case of Purdin v. Archer, 4 S. D. 54, 54 N. W. 1043. See, also, Fish v. De Laray, 8 S. D. 321, 66 N. W. 465; Kelsey v. Welch, 8 S. D. 261, 66 N. W. 390; Toulouse v. Burkett, 2 Idaho, 184, 10 Pac. 26; Gunter v. Janes, 9 Cal. 644; Roach v. Caraffa, 85 Cal. 436, 25 Pac. 22; Tyler v. Mayre, 95 Cal. 160, 27 Pac. 160; 30 Pac. 196. As will have been observed in the case at bar, the action was for the purpose of rescinding a contract of sale for the recovery of specific property belonging to the plaintiff, viz., their promissory notes given in purchase of the horse. Clearly it was unnecessary to present such a claim to the executrix for allowance, as the demand was not a debt due from the estate to them, but the estate had specific property of the plaintiffs which defendant refused to deliver. It is quite clear that the statute does not contemplate that, before the plaintiffs could maintain their action for rescission, they should be required to again make a demand of the executrix for rescission; they having already made such demand of the deceased.

The only serious question that arises in the case is the one growing out of the conclusions of law, and decree of the court adjudging that the defendant pay to the plaintiffs $310 for the keep of the horse during the time it was in the plaintiffs' possession. This, horse during the time it was in the plaintiffs' possession. This, however, being an equity action, and the court having jurisdiction of the subject-matter and of the parties, it clearly had jurisdiction to determine all questions necessarily connected with the subject-matter of the action; and, as the court, as a court of equity, had before it for decision the question of whether or not the plaintiffs were entitled to the rescission of the contract of sale, it had power to allow compensation for the keep of the horse, without a presentation of said claim to the executrix, as the plaintiffs could not know or determine that they had any right to said claim or demand until the court found that they were entitled, under the evidence, to rescission. That part of the judgment adjudging that the plaintiffs were entitled to recover the value of the keep

of the horse during the time it was in their possession was an incident only resulting from the decision that the plaintiffs were entitled to have the sale rescinded, and the claim was not such a claim as could have properly been presented to the executrix prior to the decision of the case involving the right of plaintiffs to a rescission of the contract. We are of the opinion, therefore, that the contention of the appellant that either of the claims made in this case should have been presented to the executrix is clearly untenable.

Finding no error in the record, the judgment of the court below is affirmed.