(No. 33959.—

M. HATTIE MERCER *et al.*, Appellees, *vs.* PAUL B. WAYMAN *et al.*, Appellants.

*Opinion filed September 25, 1956—Rehearing denied Nov. 19, 1956.*

McLAUGHLIN LAW OFFICES, of Sullivan, for appellants.

CRAIN & HALL, of Centralia, for appellees.

Mr. JUSTICE DAVIS delivered the opinion of the court:

Plaintiffs, widow and children of Fred L. Mercer, deceased, filed this suit in the circuit court of Marion County against the defendants, the surviving sons of Lora Wayman, deceased, and the widow and daughter of Verne Wayman, deceased, to set aside certain oil and gas leases executed by defendants and to have themselves declared the sole owners of the land in question. The circuit court granted the relief prayed for in the complaint, and, a freehold being involved, defendants appealed directly to this court.

The facts in the record are undisputed. The 40-acre tract of land was originally owned in fee simple by John W. Mercer who died intestate prior to 1920, leaving him surviving as his sole heirs-at-law his widow, five sons and two daughters.

Shortly thereafter one of the daughters, Lora Wayman, died intestate, leaving her surviving, Oscar T. Wayman, her husband, and three minor sons, Verne Wayman, June Wayman and Paul Wayman.

Thereafter, on May 7, 1920, the widow of John W. Mercer, four of the sons, and the surviving daughter, together with their spouses, joined in a quitclaim deed conveying the 40-acre tract to the remaining son, Fred L. Mercer and M. Hattie Mercer, his wife. Oscar T. Wayman, the husband of the deceased Lora Wayman, also joined in the conveyance, both individually and as "father and natural guardian of Verne Wayman, June Wayman, Paul Wayman, children of Lora Wayman, deceased." This deed purported to grant to Fred and Hattie Mercer "all interest" in the 40-acre tract. The consideration for the deed was the assumption of an existing mortgage on the property.

Thereafter Fred L. Mercer and M. Hattie Mercer entered upon the property and farmed it continuously until the present time. The property was assessed in the name of Fred L. Mercer and they paid all taxes when due. They leased land, collected crop rentals, and were generally reputed to be the owners thereof. They executed mortgages on the property in April, 1920, December, 1920, and April, 1926, and thereby warranted their fee simple title to the premises. All of these mortgages were recorded.

Both the plaintiffs and the defendants, or their predecessors in title, executed oil and gas leases on the entire tract. The plaintiffs executed such leases in 1938, 1939, and 1953. Subsequent to the execution of the latter oil and gas lease by plaintiffs, wherein J. T. Thompson was lessee, the de-

fendants also executed oil and gas leases on the same tract to the said J. T. Thompson. These are the leases which the plaintiffs seek to set aside. On April 4, 1939, June Wayman, Paul Wayman, and Verne Wayman, now deceased, executed an oil and gas lease to the Texas Company, which was thereafter recorded. This lease was subsequently released by the Texas Company.

The youngest of the children of Lora Wayman attained his majority on July 1, 1926. Neither the defendants nor any deceased member of the Wayman family ever made claim to any right, title or interest in the tract of land in question, nor have they sought an accounting of the rents and profits; and neither the plaintiffs nor any deceased member of their family ever asserted to the defendants or their predecessors in title any claim of possession adverse to them.

The plaintiffs contend that their possession of the tract in question has ripened into title and the defendants are barred from any claim as to the premises by reason of both the 20-year Statute of Limitations (Ill. Rev. Stat. 1953, chap. 83, par. 1,) and the 7-year Statute of Limitations (Ill. Rev. Stat. 1953, chap. 83, par. 6). Defendants insist that they are tenants in common of an undivided one seventh of the tract, and, as such, are not barred by the 20-year Statute of Limitations because there has been no actual disseizin or ouster. They further contend that the deed to Fred L. Mercer was not good color of title as to the interests of the minor sons of Lora Wayman.

The sole issue presented to this court is whether defendants are, as the trial court held, barred from their claim by virtue of the Statute of Limitations.

While the plaintiffs exercised such control and dominion over the property as to be hostile and adverse to all strangers, the rules with regard to adverse possession are different in the case of one cotenant who claims adversely to other cotenants. The doctrine was well stated

in *Simpson* v. *Manson,* 345 Ill. 543, 551 : "The rule is well settled that the mere possession by one tenant in common who receives all the rents and profits and pays the taxes assessed against the property, no matter for how long a period, cannot be set up as a bar against the co-tenants. In such case the possession of one tenant in common is in contemplation of law the possession of all the tenants in common. Such possession, however, may become adverse if the tenant in common by his acts and conduct disseizes his co-tenants by repudiating their title and claiming adversely to them. (*Long* v. *Morrison,* 251 Ill. 143; *Steele* v. *Steele,* 220 id. 318.) Before the possession of one tenant in common can be adverse to the co-tenant there must be a disseizin or ouster by some outward act of ownership of an unequivocal character, overt and notorious, and of such nature as to impart information and notice to the co-tenant that an adverse possession and disseizin are intended to be asserted by the tenant in possession. (*Andrews* v. *Floyd,* 308 Ill. 559.) Such notice need not, however, be formal in its nature, (*Roberts* v. *Cox,* 259 Ill. 232,) and if one tenant in common holds exclusive possession, claiming the land as his, and his conduct and possession are of such character as to give notice to his co-tenant that his possession is adverse, the Statute of Limitations will run. (*Tillotson* v. *Foster,* 310 Ill. 52; *Hahn* v. *Keith,* 170 Wis. 527, 174 N.W. 551.)"

These rules have been consistently followed in this State. As recently as *Williams* v. *Fulton,* 4 Ill.2d 524, we held that in order to start the running of the Statute of Limitations against a cotenant, it must be shown that the tenant in possession gave actual notice to the tenant out of possession that he was claiming adversely, or that the tenant out of possession had received notice of such claim of the tenant in possession by some act which would amount to an ouster or disseizin. In *White* v. *Harris,* 206 Ill. 584, at page 592, we stated: " 'A party, claiming title by ad-

446

verse possession, always claims in derogation of the right of the real owner. He admits that the legal title is in another. He rests his claim not upon a title in himself, as the true owner, but upon holding adversely to the true owner for the period prescribed by the Statute of Limitations. Claiming a benefit from his own wrong, his acts are to be construed strictly.' (*Cornelius* v. *Giberson,* 25 N.J.L. 31.) 'Adverse possession cannot be made out by inference or implication, for the presumptions are all in favor of the true owner, and the proof to establish it must be strict, clear, positive and unequivocal.' (*Zirngibl* v. *Calumet Dock Co.* 157 Ill. 430.) The rule is, that every presumption will be made in favor of the holder of the legal title, and no presumption will be made in favor of the holder of color of title only. (*Kurz* v. *Miller,* 89 Wis. 426." In *Dunlavy* v. *Lowrie,* 372 Ill. 622 at 632, we held that: "Mere knowledge of the obvious fact of possession cannot be converted into proof of knowledge that those in possession were claiming adversely."

The pertinent statutes of limitations have likewise been held inapplicable to cases where there was possession in a cotenant and no actual ouster or disseizin. (*Dunlavy* v. *Lowrie,* 372 Ill. 622; *Clarke* v. *Clarke,* 349 Ill. 642; *Stowell* v. *Lynch,* 269 Ill. 437; *Peabody* v. *Burri,* 255 Ill. 592.) In *Stowell* v. *Lynch,* 269 Ill. 437, at pages 443 and 444 we held: "To establish a title under section 1 of the Limitation act not only must there be twenty years' continuous, uninterrupted possession, but such possession must be hostile in its inception and so continue. It must be visible, exclusive and notorious, and be acquired and retained under claim of title inconsistent with that of the true owner. All these elements must concur."

Fred L. Mercer was a cotenant of the defendants at the time of the delivery of the quitclaim deed which purported to convey the premises therein described to him and Hattie Mercer, his wife. Tested by the above rule, the original

taking and holding possession of the land by Fred L. Mercer and Hattie Mercer was not hostile or adverse as required by the 20-year Limitation Act. This deed, signed by Oscar Wayman as father and natural guardian of Verne Wayman, June Wayman, and Paul Wayman, minor children of Lora Wayman, deceased, was ineffective to convey the interests of said minor children. It did not constitute color of title as against the minor children because of the defects appearing on the face of the deed showing that their interests had not been conveyed. Consequently, the 7-year Statute of Limitations was inapplicable. *Allen* v. *Allen,* 292 Ill. 453.

While the plaintiffs have, for thirty-four years, occupied the premises, paid the taxes, and improved the property, they at no time affirmatively did anything that would serve as notice to their cotenants that they were claiming adversely to them. Such adverse claim as against cotenants cannot be established by inference. (*Stowell* v. *Lynch,* 269 Ill. 437.) The execution of mortgages, warranting complete ownership, would not be of a nature to impart information and notice to a cotenant that adverse possession or disseizin was intended. There is no evidence that defendants had notice of the execution of oil leases by plaintiffs, and, in any event, such oil leases could have been executed by a cotenant. Plaintiffs rely on *Simpson* v. *Manson,* 345 Ill. 543, but in that case there was actual notice to the majority of the cotenants, in both number and interest, that the tenant in possession claimed title to the land in question. Other cases cited by the plaintiffs, (*Whittington* v. *Cameron,* 385 Ill. 99; *Steele* v. *Steele,* 220 Ill. 318; *Kotz* v. *Belz,* 178 Ill. 434; *Littlejohn* v. *Barnes,* 138 Ill. 478; *Dugan* v. *Follett,* 100 Ill. 581; *Lavalle* v. *Strovel,* 89 Ill. 370; and *Goewey* v. *Urig,* 18 Ill. 238,) are all cases where there was an ouster by a deed of the entire property from one cotenant to a stranger, or where it was proved that there was actual knowledge on the part

448

of the cotenant out of possession that the cotenant in possession was claiming to hold the same adversely.

The burden was upon the plaintiffs to prove facts which would cause the provisions of the Statute of Limitations to bar the defendants from asserting any claim of ownership to the property. This they have failed to do.

The decree of the trial court is accordingly reversed.

*Decree reversed.*