IVERSON, Respondent v. IVERSON, et al., Appellant

(213 N.W.2d 708)

(File No. 11120. Opinion filed December 21, 1973)

·Charles Poches, Jr., Fort Pierre, for appellant.

C. D. Kell, Murdo, for plaintiff-respondent.

Dallas E. Brost, Presho, for Jones County Bank, defendant-respondent.

WOLLMAN, Justice.

This action for the partition of 1280 acres of land located in Jones County, South Dakota, was commenced by Edwin Iverson (Edwin) against John Iverson, also known as John N. Iverson (John), by the filing of a summons and complaint and the recording of a lis pendens pursuant to SDCL 21-45. Service was made upon John on May 5, 1969; he died on May 9, 1970, and thereafter the executor of his estate was substituted as a party defendant.*

Edwin and John were brothers. In the late 1930's they were engaged in farming as a partnership or joint venture. In 1939 they contracted to purchase the land in question, which included certain land that had been lost by their father by mortgage foreclosure under the Rural Credits program, from the State of South Dakota. Edwin participated in the making of the down payment on the land and also participated in the partnership or joint venture of the farming operation at the time the land was purchased. In 1940 Edwin left the farm and moved to Murdo, South Dakota; subsequent to that time he received no income from the land nor made any claim thereto. At various times over the years Edwin signed waivers so that John could receive payments under various Federal farm programs. Subsequent to the down payment, all further payments on the land were made by John alone. In 1944, after 40% of the purchase price had been paid, the State of South Dakota, acting through the Rural Credit Board, conveyed the property to Edwin and John as tenants in common and took back mortgages from them to secure the balance of the purchase price. On April 2, 1969, John recorded a notice in the office of the Register of Deeds in Jones County claiming the entire ownership of the land in question. The following month Edwin commenced the present action for partition.

The trial court held that the property was owned by Edwin and John as tenants in common and that Edwin's interest in the land was subject to the mortgage to the Jones County State Bank.

---

* The Jones County State Bank was added as a party defendant because of a mortgage that was recorded against the property subsequent to the commencement of the partition action. Edwin died on August 1, 1972, during the pendency of this appeal, and pursuant to a stipulation of the parties Nellie Iverson was substituted as party plaintiff.

The court specifically found that Edwin had not made a gift of his equity in the land to John. The court found that there was no evidence that John had ever purchased Edwin's interest in the land. The court found that in 1944, four years after Edwin had left the farm and moved to Murdo, it was clearly the intention of Edwin and John that each should own one-half of the property in question, notwithstanding the fact that John had individually made the five preceding annual payments. The court found that there was no equitable ownership of the land by John. The court further found that because there was no change of procedure or position by John because of any acts, admissions or conduct of Edwin, the principles of equitable estoppel were not applicable to bar Edwin's claim of one-half ownership of the property. The court concluded that there was no resulting trust, that John had not held the land adversely to Edwin, and that there had been no voluntary or oral partition of the property.

After making these findings on the issue of ownership, the court permitted the parties to submit evidence regarding the claim for reimbursement for the value of improvements that John had allegedly made to the property. The court then entered additional findings to the effect that John had had full use of and had retained all profits from the land in question during his lifetime; from this the court concluded that John's estate was not entitled on equitable principles to reimbursement for any of the improvements. The court also found that the premises could not be partitioned in kind without prejudice to the owners and that therefore the property would have to be partitioned by sale. The executor of John's estate has appealed from the judgment.

The trial court's findings of fact are not clearly erroneous and will not be set aside by this court in the light of the record. SDCL 15-6-52(a); In Re Estate of Hobelsberger, 85 S.D. 282, 181 N.W.2d 455.

▮ Appellant's contention that Edwin's claim to a one-half interest in the land must be barred under the principles of equitable estoppel was correctly held by the trial court to be without merit. The doctrine of equitable estoppel is bottomed on principles of morality and fair dealing and is intended to subserve

the ends of justice. It seeks to accomplish that which is fair between man and man. First Church of Christ, Scientist v. Revell, 68 S.D. 377, 2 N.W.2d 674; City of Rapid City v. Hoogterp, 85 S.D. 176, 179 N.W.2d 15. The record does not reveal any change in position by John because of any acts, admissions or conduct of Edwin. After Edwin moved to town in 1940 all payments on the land were made by John from income derived from the land. After Edwin and John took title to the land as tenants in common in 1944 the situation did not change; John continued to make the payments on the land and Edwin made no claim to any income from the land. There is no claim that the parties made a mistake when they contracted to buy the land from the State of South Dakota in 1939 or when they ultimately took title to the land as tenants in common in 1944, well after Edwin had ceased to farm the land with John. Cf. Brooks v. Brooks, Inc., 86 S.D. 676, 201 N.W.2d 128.

■ Likewise, the trial court was correct in holding that because Edwin participated in the making of the down payment on the land and in the partnership or joint venture of the farming operation at the time the land was purchased no trust resulted in favor of John. SDCL 55-1-10; Scott v. Liechti, 70 S.D. 89, 15 N.W.2d 1.

■ The trial court correctly rejected appellant's contention that John had acquired sole ownership of the property by adverse possession. The execution of the joint notes and mortgages and the taking of title as tenants in common clearly established a cotenancy in 1944. From 1944 to the spring of 1969 there was no change in the relationship of the parties, nor was there any actual or constructive notice of an intent by John to hold the property adversely to Edwin. The possession by one tenant in common is presumptively the possession of all of the tenants in common, and one cotenant cannot hold property adversely to another cotenant unless he has ousted the latter. Murphy v. Connolly, 81 S.D. 644, 140 N.W.2d 394. Cf. Theisen v. Qualley, 42 S.D. 367, 175 N.W. 556. Moreover, the mere possession by one tenant in common who receives all the rents and profits and pays the taxes on the property, no matter for how long a period, cannot be set up as a bar against the cotenants. Mercer v. Wayman, 9 Ill.2d 441, 137

N.E.2d 815, cited in Murphy v. Connolly, supra. See also Hagen v. Hagen, N.D., 137 N.W.2d 234.

The trial court concluded that because John had received all the income from the land in question since 1940 and had increased his farm holdings from the 1,280 acres, which in 1940 would not support two families, to approximately 6,240 acres, his estate was not entitled on equitable principles to reimbursement for any of the improvements made on the 1,280 acres.

Although in a given case it is within the trial court's discretion to deny entirely any award for the value of improvements in a partition action, see, e. g., Johnson v. Hendrickson, 71 S.D. 392, 24 N.W.2d 914, we conclude that in the instant case some award should have been made for the buildings permanently affixed to the land in question, taking into account the value of the buildings to the 1,280 acres and not their value to the entire 6,240 acre farm unit developed by John.

Accordingly, insofar as the judgment provides that the property in question was owned by Edwin and John as tenants in common, that the land be partitioned by sale, and that Edwin's interest in the land be subject to the mortgage to the Jones County Bank, the judgment is affirmed. Insofar as the judgment provides that no offset be allowed for improvements made upon the land, the judgment is reversed and the case is remanded to the circuit court with instructions that the trial court consider the matter of reimbursement for improvements in accordance with this opinion.

BIEGELMEIER, C. J., and WINANS and DOYLE, JJ., concur.

DUNN, J., not participating.