KRUGER et al., Respondents v. KRUGER, Appellant

(240 N.W.2d 93)

(File No. 11575. Opinion filed March 25, 1976)

**Duane Thurow**, Aberdeen, for plaintiffs and respondents.

**Rory King**, Aberdeen, for defendant and appellant.

DOYLE, Justice.

This action is for the partition or sale of real property under the provisions of SDCL 21-45. The parties hereto are the children and heirs of Henry A. Kruger, who died intestate, leaving personal property and a 640-acre farm, which farm is the subject of this controversy. The decedent's estate was probated and the real property in question distributed in equal shares to the parties by final decree. Plaintiffs, in their complaint and petition, contend that partition must be by sale in that a partition in kind cannot be made without great prejudice to the various heirs and owners of the real property. The defendant, by answer and counterclaim, contends that he had spent the majority of his adult life in the operation of the farm, and during this period he made contributions in money and time for the purchase and improvement thereof, and seeks compensation for such improvements.

Plaintiffs moved for summary judgment, basing the motion on the affidavit of Duane Thurow, plaintiffs' attorney, who stated that he had personal knowledge of the facts and "it would be impractical to actually partition said property and partition of said property can not be made without great prejudice to the owners and therefore plaintiffs are entitled as a matter of right that said premises be sold * * *."

Furthermore, the defendant as the administrator of the Henry A. Kruger estate filed an amended final account containing paragraph VIII, which states:

"That your administrator has paid all claims, debts,

> expenses of last sickness, funeral bills, taxes (except inheritance taxes which were paid by the individual heirs) and costs of administration (except attorney's fees which will be paid out of the proceeds of the land when it is sold after distribution) out of his own personal funds, but in consideration of the distribution hereinafter set forth, which has been agreed to by all the heirs, he makes no claim therefor and waives any claim he might have against the estate therefor,"

and a final decree of distribution in the estate, contending that even if defendant made improvements upon or contributions toward the purchase of said real property, any claim is barred by reason of the foregoing quoted paragraph; furthermore, any such entitlement would, at the most, constitute a claim against the estate, and the time within which any claim could be made has now expired. The plaintiffs further contended that even if such claims had validity, payment could be made therefor under the provisions of SDCL 21-45-50.

The defendant, in resistance to plaintiffs' motion for summary judgment by affidavit, contended that he made permanent improvements upon the property of a substantial nature, which enhanced the value thereof, and he also contends that he is entitled to reimbursement for such improvements or a determination of the value thereof prior to a sale of the premises involved in this action in order that he be given credit therefor under SDCL 21-45-34 if the defendant becomes a purchaser.

The motion for summary judgment was brought on for hearing before the court on October 9, 1974, and, at such hearing, the court made the following comments to the record:

> "COURT: There isn't any question in my mind, Mr. King, that Mr. Thurow is entitled to a partition for sale of the land. There's a question whether your client has a claim that can be decided—you can't go back of a final decree, and I have simply decided that a summary judgment is a proper procedure for partition for sale of the land. I am not deciding whether or not your client is en-

titled to his improvements, Mr. King. Right now, I am not so sure that he is. I will not determine that at this time. We'll have to determine that after the money has been paid into court. Then we can determine that by further testimony. Mr. Thurow, you can prepare the order."

Whereupon the court entered judgment ordering a sale of the premises pursuant to SDCL 21-45, making no determination in such judgment as to the merits of defendant's counterclaim.

Thereafter, on October 16, 1974, the court entered a supplemental judgment dismissing the defendant's counterclaim in all respects on the grounds that the defendant's claim was barred by the final decree in the Henry A. Kruger estate and paragraph VIII of the final account.

█ SDCL 15-6-56 is the statutory provision for summary judgment in this jurisdiction. Summary judgment presupposes there is no genuine contested issue of fact. Wilson v. Great Northern Railway Company, 83 S.D. 207, 157 N.W.2d 19. In our view, the record reflects that the trial court entered summary judgment on the theory that the defendant would have the opportunity to litigate the issues raised in the answer and counterclaim after sale. This ignores the provision of SDCL 21-45-34, granting a cotenant purchaser credit for his purchase in relation to his interest in the property sold (it is undisputed that the defendant intends to attempt a purchase of the premises), thus the defendant is entitled to a determination of the value of improvements, if any, to the premises prior to the partition sale. The defendant does not claim that it will not ultimately be necessary to sell the premises to effect a fair distribution of the property.

█ The guiding principles on the use of summary judgment are well stated in Wilson v. Great Northern Railway Company, supra. In the record before us it is apparent that the estate of the deceased was settled and closed by stipulation and agreement (in paragraph VIII of the final account the attorney fees were to be paid when the real property was sold); we surmise the sale was then contemplated to be consummated by agreement, thus the

equities would or could be adjusted at the time of sale. Under certain conditions a cotenant is entitled to be compensated for improvements made to real property, Iverson v. Iverson, 1973, 87 S.D. 628, 213 N.W.2d 708. We are of the opinion that there exist, in this case, issues of material fact that should be resolved by a trial. The defendant is entitled under SDCL 21-45-34, under the circumstances of this case, to have his claim resolved prior to sale of the premises.

Reversed.

PER CURIAM.

The foregoing opinion was prepared by Justice James M. Doyle before his death. It is adopted by the undersigned as the opinion of this court. See State v. Sioux Falls Brewing Co., 1894, 5 S.D. 360, 58 N.W. 928 (on rehearing).

DUNN, C. J., and WINANS and WOLLMAN, JJ. concur.

COLER, J., dissents.

COLER, Justice (dissenting).

I would affirm the trial court.

The claim of the appellant, if any, exists in equity, not on the basis of SDCL 21-45-34 and 21-45-50. There is no claim made that appellant was a cotenant with his ancestors, and his claimed improvements preceded any interest he acquired in common with the respondents.

This court has long recognized the concept of equitable liens quite apart from SDCL 21-45-34, see Savings Bank v. Mundt, 1924, 47 S.D. 161, 197 N.W. 156, and that an equitable claim is not barred by failing to file a claim pursuant to SDCL 30-21-7 and 30-21-8. Kline v. Gingery, 1910, 25 S.D. 16, 124 N.W. 958. However, the claim of the appellant is one which is barred by laches in failing to pursue the claim during the lifetime of the ancestors. The trial court, in equity, properly entered a summary judgment.

"The principle thus used as a practical rule controlling and restricting the award of reliefs is designed to promote diligence on the part of suitors, to discourage laches by making it a bar to relief, and to prevent the enforcement of stale demands of all kinds, wholly independent of any statutory periods· of. limitations." Pomeroy's Equity Jurisprudence, Vol. 2, 5th Ed., § 418.