The State of Ohio, Appellant, *v.* Pembaur, Appellee.

[Cite as State v. Pembaur (1982), 69 Ohio St. 2d 110.]

(No. 81-588—Decided February 3, 1982.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Leonard Kirschner, Mr. William E. Breyer* and *Mr. Bruce Garry,* for appellant.

*Messerman & Messerman Co., L.P.A.,* and *Mr. Gerald A. Messerman,* for appellee.

*Per Curiam.* Section 3 of Article IV of the Ohio Constitution provides, in part:

"(A) The state shall be divided by law into compact appellate districts in each of which there shall be a court of appeals consisting of three judges. * * * In districts having additional judges, three judges shall participate in the hearing and disposition of each case. * * *

" * * *

"[B](3) A majority of the judges hearing the cause shall be necessary to render a judgment. * * * "

Thus, under the Ohio Constitution, a valid judgment of a Court of Appeals must have the concurrence of at least two judges. In the case at bar, this constitutional requirement was not satisfied. Although Judge Bettman may have indicated to his colleagues an opinion that the appellee's conviction should be reversed, on the date of disposition he no longer was a judge of the Court of Appeals and was not qualified to participate in that court's decision. The remaining two judges differed as to the proper disposition of the cause. Cf. *State* v. *Sioux Falls Brewing Co.* (1894), 5 S.D. 360, 58 N.W. 928.

The constitutional requirement that a majority of the Court of Appeals judges hearing a cause concur in the judgment was not met in this case. Therefore, the judgment of the Court of Appeals is vacated and the cause remanded to that court for a rehearing.

*Judgment accordingly.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.