JOURNAL ENTRY AND OPINION
{¶ 1} Brian Washington appeals from an order of the trial court that denied his presentence motion to withdraw his guilty plea, and further claims ineffective assistance of counsel. For the reasons outlined below, we vacate the sentence and remand for further proceedings.
 {¶ 2} From the record we glean the following: On October 6, 2003, Washington pleaded guilty to one count of robbery,[1]
one count of felonious assault[2] and one count of failure to comply.[3] At the sentencing hearing, but before pronouncing sentence, the following exchange took place:
"THE DEFENDANT: Your Honor, I wrote you a letter.[4] Idon't know if you've seen it or not.
 I been thinking about the situation and everything. YourHonor, I don't feel I'm guilty of this crime. I — I really don't.I never once threatened Mr. McDonough. I never once hurt him oranything. And I don't feel I'm guilty of robbery or feloniousassault.
 You know, I'm not trying to make you mad at me in any kind ofway, but I don't feel I'm guilty of this crime.
 THE COURT: I see. Well, you've got to understand that, youknow, what your attorney here said was that you weren't activelypunching the guy, but as long as there's any act of violence inconnection with a theft offense, it can become a robbery, whichis what this case ultimately became.
 Having listed that and treated this as a motion to vacate theplea, the Court is going to deny the same, because I don't seeanything. The facts, as explained by your attorney, as Iunderstand them, is it is a robbery. I mean, I've seen pursesnatchings where there's a little push; that becomes a robbery. Aguy goes in and steals a pack of cigarettes and hits the securityguard on the way out. Bam, that's a robbery.
 The fact is, Mr. Washington, you were on my paper, myprobation, for about two weeks when you picked up the cases.You've got an extensive history."
 {¶ 3} The judge then imposed a sentence of concurrent two-year terms of imprisonment for the robbery and felonious assault, together with a consecutive one-year term for failure to comply. Washington's assignments of error are set forth in the appendix to this opinion.
 {¶ 4} After the sentence was imposed, Washington again expressed concern over whether the judge had permitted him to withdraw his plea.
"THE DEFENDANT: So my motion — I can't withdraw my plea?
 THE COURT: No, sir, I'm denying the motion.
 MR. MANNING: Just for the record, he did make the motion towithdraw the plea prior to the sentencing.
 THE COURT: He did?
 MR. MANNING: I mean, before you sentenced him.
 THE COURT: Well, yes, that's absolutely true. But his postplea — well, it's presentencing. Fine. I know what you'resaying."
 {¶ 5} The record reflects that there was no hearing on Washington's attempt to withdraw his guilty plea before sentencing.
"A presentence motion to withdraw a guilty plea should befreely and liberally granted. Nevertheless, it must be recognizedthat a defendant does not have an absolute right to withdraw aplea prior to sentencing. Therefore, the trial court must conducta hearing to determine whether there is a reasonable andlegitimate basis for the withdrawal of the plea."[5]
 {¶ 6} We find plain error in the judge's failure to conduct a hearing prior to denying the motion.
 {¶ 7} Washington further claims that he was denied the effective assistance of counsel because he did not adequately understand the nature of the penalty involved when he entered his plea. To prevail, Washington must meet the test for ineffective assistance of counsel established in Strickland v.Washington,[6] which was applied to guilty pleas in Hillv. Lockhart.[7] First, he must show that his lawyer's performance was deficient,[8] and second that there is a reasonable probability that, but for his lawyer's errors, he would not have pleaded guilty.[9]
 {¶ 8} Washington does not contend that, but for his lawyer's failure to properly advise him of the nature of the charges, he would not have pleaded guilty, but rather argues that his failure to properly advise him of the maximum or consecutive penalties should he plead guilty, rendered the plea involuntary. The record, however, fails to provide support for the contention that his attorney did or did not advise him about the potential terms of the sentences. We cannot infer his lack of understanding absent sufficient facts in the record.[10] This assignment of error lacks merit.
 {¶ 9} We find Washington's sentence must be vacated and the matter must be remanded for disposition of Washington's motion to withdraw his guilty plea. The court may then proceed to trial or resentence appellant, depending upon whether it grants or denies the motion.
Sentence vacated, case remanded.
APPENDIX A: ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN NOT PERMITTING DEFENDANT-APPELLANTTO WITHDRAW HIS PLEA OF GUILTY PRIOR TO THE TIME SENTENCE WASIMPOSED.
 II. DEFENDANT-APPELLANT WAS NOT ACCORDED EFFECTIVE ASSISTANCEOF COUNSEL IN THAT THE SENTENCE WHICH COULD BE IMPOSED UPON HIMWAS NOT PROPERLY EXPLAINED TO HIM PRIOR TO THE TIME HE ENTERED APLEA OF GUILTY.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, J., Concurs; Kilbane, P.J.,*
*Judge Anne L. Kilbane participated in this decision prior to her death on November 23, 2004.
(The Ohio Constitution requires the concurrence of at least two judges when rendering a decision of a court of appeals. Therefore, this announcement of decision is in compliance with constitutional requirements. See State v. Pembaur (1982),69 Ohio St.2d 110.)
[1] R.C. 2911.01.
[2] R.C. 2903.11.
[3] R.C. 2921.331.
[4] The letter Washington refers to is not part of the record on appeal.
[5] State v. Xie (1992), 62 Ohio St.3d 521, 527,584 N.E.2d 715.
[6] (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.
[7] (1985), 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203.
[8] Strickland, 466 U.S. at 687; Hill, 474 U.S. at 57.
[9] Hill, 474 U.S. at 59.
[10] See State v. Carter, 89 Ohio St.3d 593, 606,2000-Ohio-172, 734 N.E.2d 345.