JOURNAL ENTRY AND OPINION
{¶ 1} After extensive plea negotiations with plaintiff-appellee, the State of Ohio, defendant-appellant, Dwayne L. McDaniel, pleaded guilty as follows:
 in Case No. CR-456165 to one count of attempted gross sexual imposition, a felony of the fourth degree;
 in Case No. CR-484796 to two fifth degree felony counts of disseminating matter harmful to juveniles, and one fourth *Page 3 
degree felony count of disseminating matter harmful to juveniles;
 in Case No. CR-477908 to one count of having a weapon while under disability, a third degree felony, and one count of possession of a dangerous ordnance, a fifth degree felony; and
 in Case No. CR-453355 to one count of receiving stolen property (a motor vehicle), a fourth degree felony.
 {¶ 2} The trial court granted the State's motion to dismiss the other counts of the indictments, found McDaniel guilty and to be a sexual predator, and sentenced him to the agreed upon sentence of five years. He now appeals and raises five assignments of error for our review.
 {¶ 3} In his third assignment of error, McDaniel contends that the trial court failed to conduct an adequate Crim.R. 32.1 hearing before denying his motion to withdraw his plea.
 {¶ 4} The record reflects that at the conclusion of the plea hearing, the trial judge set a separate date for a sexual predator classification hearing and sentencing. Prior to that date, McDaniel filed a pro se written motion to withdraw his plea. On the day of sentencing, the trial judge stated that she would address McDaniel's motion for new counsel first. At the judge's request, the prosecutor reiterated the history of the case, which had culminated in the plea agreement. The judge then asked McDaniel why he wanted new counsel, *Page 4 
because counsel had worked hard to negotiate what the judge characterized as "a spectacular deal." McDaniel responded that he had "never wanted to plead," but wanted to go to trial instead. The trial judge reminded McDaniel that he had told her at the plea hearing that he was not under any coercion or duress to plead and then denied his motion for new counsel. The judge then stated:
 {¶ 5} "You also have a motion to withdraw a plea of guilty which the court has reviewed and has ordered a transcript of.
 {¶ 6} "Obviously I'm going to incorporate by reference all of the pretrial negotiations just set forth by [the prosecutor] and also I've reviewed the transcript of your proceedings and pursuant to the criminal rules and case law in the State of Ohio, there's simply no basis for the court to grant your motion to withdraw the plea so that motion is also denied."
 {¶ 7} When defense counsel told the judge that McDaniel wanted to be heard on whether counsel had coerced him into making the plea, the judge responded, "I've already ruled on the issue, there is no legal reason to withdraw your plea and we're going to proceed with the House Bill 180."
 {¶ 8} McDaniel then asked the judge if he could "say something please," but the judge told him, "Mr. McDaniel, we're in the midst of your House Bill 180 hearing and that's where we're at. I've already ruled on your other-."
 {¶ 9} McDaniel reminded the judge that "you didn't even let me say nothing about it," but she told him that she had ruled and was moving on to the *Page 5 
sexual predator classification hearing, and he was not to interrupt her. When McDaniel again protested, the trial judge told him that she was "done" with his motion to withdraw his plea and he was not to interrupt her.
 {¶ 10} Crim.R. 32.1 provides that "a motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." The standards to be applied to a presentence withdrawal of a plea were set forth by the Ohio Supreme Court in State v. Xie (1992), 62 Ohio St.3d 521, 527:
 {¶ 11} "We agree that a presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea."
 {¶ 12} In State v. Smith (Dec. 10, 1992), Cuyahoga App. No. 61464, citing State v. Hall (Apr. 27, 1989), Cuyahoga App. No. 55289, this court held that the scope of a hearing on a defendant's motion to withdraw his guilty plea should reflect the substantive merit of the motion. We stated that, because a court's adherence to Crim.R. 11 raises a presumption that the plea was voluntarily *Page 6 
entered, "[t] he proponent of the motion to withdraw the plea has the burden of rebutting that presumption by demonstrating that the plea was infirm. The motion to withdraw a plea must, at a minimum, make a prima facie showing of merit before the trial court need devote considerable time to it. Stated differently, the scope of the hearing to be held on the Crim.R. 32.1 motion should be reflective of the substantive merit of the motion itself. Hence, bold assertions without evidentiary support simply should not merit the type of scrutiny that substantiated allegations would merit. The scope of the hearing is within the sound discretion of the trial judge, subject to our review for an abuse of that discretion. This approach strikes a fair balance between fairness for an accused and preservation of judicial resources." Id. (Citations omitted.)
 {¶ 13} Here, while we can glean from the record that the trial judge considered the motion and even reviewed the transcript of the plea hearing, the record does not reflect any opportunity for McDaniel to be heard on his allegations of undue pressure, allegations which, by their very nature, revolve around matters not in the transcript. In fact, the record indicates that the trial judge refused to let McDaniel speak at all regarding his motion, despite defense counsel's request that McDaniel be heard and McDaniel's several requests for an opportunity to speak. Although the scope of a Crim.R. 32.1 motion to withdraw a plea may be limited by the substantive merit of the motion, to conform withXie, supra, the trial court must, at a minimum, conduct a hearing on the motion and *Page 7 
provide the defendant with an opportunity to be heard. See, e.g.,State v. Lacey (Aug. 23, 2001), Cuyahoga App. No. 78448. That was not done in this case.
 {¶ 14} Accordingly, we hold that the trial court abused its discretion in failing to conduct a hearing regarding McDaniel's motion to withdraw his guilty plea. Appellant's third assignment of error is therefore sustained. We reverse the judgment of the trial court denying McDaniel's motion to withdraw his guilty plea. His sentence and the trial court's sexual predator finding must be vacated and the matter remanded for disposition of McDaniel's motion to withdraw his guilty plea. The court may then proceed to trial or resentence McDaniel, depending upon whether it grants or denies the motion. See, e.g., State v. Washington, Cuyahoga App. No. 83867, 2004-Ohio-7017, at ¶ 9.
 {¶ 15} In light of our disposition of appellant's third assignment of error, his first, second, fourth and fifth assignments of error are moot. App.R. 12(A)(1)(c).
Sentence vacated; case remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY J. BOYLE, J., CONCURS.
SEAN C. GALLAGHER, P.J., DISSENTS WITH SEPARATE DISSENTING OPINION.